KEEGAN *against* THE WESTERN RAIL ROAD CORPORATION.

A rail road company which continues in use a defective and dangerous locomo-
tive engine, after notice of its dangerous condition, is liable to one of its
servants engaged in running such engine for an injury sustained by him,
(without negligence on his part,) in consequence of such defects.

Negligence on the part of the servant will not be presumed, where the fact
of such negligence is not found by the jury or referee before whom the cause
was tried.

The cases which hold that a principal is not liable to one agent or servant for
an injury sustained by him in consequence of the negligence of another agent
or servant of the same principal, while engaged in the same general busi-
ness, are only applicable when the injury complained of happened without
any actual fault or misconduct of the principal, either in the act which
caused the injury, or in the selection and employment of the agent by whose
fault it happened.

When a case comes before this court on appeal from a judgment rendered on
the report of a referee, where there are no exceptions, and no distinct ques-
tion of law appears to have been presented to and passed upon by the referee,
the only question for review is, whether the facts found by him are sufficient
to sustain the judgment.

Action on the case commenced in the sureme court
to recover damages for an injury sustained by the plaintiff
by the bursting of a boiler of a locomotive engine upon
which he was engaged as a fireman, on the defendants' rail
road.

It was alleged in the first count of the declaration that
the defendants, before and at the time of the committing
of the grievances thereinafter mentioned, were the owners
of a certain rail road, and of a carriage commonly called
a locomotive, moved and propelled by steam, and by them
used and employed in carrying and conveying passengers
and goods upon and over their said road, from Greenbush,
in the county of Albany, to Boston, in the state of Massa-
chusetts, and intermediate places: that the plaintiff, on the
first day of December, 1845, at Greenbush aforesaid, at the
time of the committing of the said grievances, was in the

employment of the defendants, as fireman upon said loco-
motive so moved and propelled by steam as aforesaid; and
it then and there became and was the duty of the defend-
ants to provide a good, safe, and secure locomotive, with
good, safe, and secure machinery and apparatus to move
and propel the same by means of steam as aforesaid.   Yet
the defendants, not regarding their duty, conducted them-
selves so carelessly, negligently and unskillfully in this be-
half, that by and through the carelessness, negligence,
unskillfulness and default of the defendants and their
servants, in providing, using and suffering to be used an
unsafe, defective and insecure locomotive, and for want of
due care and attention to their duty in that behalf, on the
day and at the place aforesaid, and whilst the said loco-
motive was in the use and service of the defendants upon
their said rail road, and whilst the plaintiff was on the
same, in the capacity aforesaid, for the defendants, the
boiler connected with the engine of the said locomotive,
by reason of unsafeness, defectiveness, and insecurity
thereof, exploded, whereby large quantities of steam and
water escaped therefrom and fell upon the plaintiff, by
which he was greatly injured, &c.

There were three other counts, not varying materially
from the first, except in the statements of the damages.
The defendants pleaded the general issue.

The cause was tried in 1848 before Cornelius L. Tracy,
referee, who reported the testimony at length, together
with the following statement of the facts found by him:

" 1st. That in the month of December, 1845, and for
about five months previous pretty much all the time, the
plaintiff was in the employment of the defendants as fire-
man on one of the locomotives used by them; and that
during that month the boiler of said locomotive exploded,
causing the injuries to the plaintiff complained of.

" 2d. That the boiler of this locomotive was defective
and dangerous; and that its condition in this respect was
known to the defendants, and to the persons in defend-

Keegan *against* The Western R. R. Co.

ants' service, whose duty it was to select the engines which were to be used on the defendants' road, for some weeks before the explosion; and that the defendants had been frequently notified thereof.

" 3d. That during the two months preceding the explosion, the engineer of this locomotive reported to the defendants, on five or six different occasions, the defective condition of the boiler thereof; and that these reports were entered on the books of the defendants kept for that purpose.

" 4th. That the injury to the plaintiff resulted from the improper conduct of the defendants, in using the locomotive with the engine in question, which was known to be thus defective."

The damages were assessed by the referee at $3500. Upon this report the supreme court in the third district rendered judgment in favor of the plaintiff for the damages assessed, and costs, and the defendants prosecuted this appeal.

*M. T. Reynolds* for appellants. I. The plaintiff knew the condition of the engine, and voluntarily assumed the risk, whatever it was, with full knowledge of its extent.

II. The defendants are not responsible to the plaintiff while in their service for an injury accruing from the negligence of another servant in their service. (4 *Metcalf*, 49; 1 *McMullen S. C. Rep.* 385, *Murray* v. *The S. Carolina R. R. Co.*; 3 *Mees and Welsb.* 1, *Priestley* v. *Fowler;* 6 *Hill*, 592; 4 *Mees. and Welsb.* 337, *Levy* v. *LaGrange;* 10 *Mees. and Welsb.* 109, *Winterbottom* v. *Wright;* 5 *Welsb. Hurls. and Gord.* 343. *Hutchinson* v. *New Castle and Berwick R. R. Co.; Ib.* 354, *Wigmore* v. *Jay;* 6 *Barb.* 231, *Coon* v. *S. and U. R. R. Co.; S. C.* 1 *Seld.* 492.)

*N. Hill, jr.,* for respondent. I. There is nothing in the record to show that the attention of the referee was called to any question *of law,* or that there has been an *actual*

SEL. IV.—23.

*decision* of any such question in the court below. No appeal, therefore, will lie. (*Code of Procedure*, § 11; *Davenport* v. *Covert, M. S. Ct. of Appeals, Oct.* 1852; *S. C.* 5 *Law Reporter*, 399, *new series;* 7 *Barb.* 582; 2 *Comst.* 188; 6 *How. Pr. R.* 280.)

II. The elements essential to maintain the action are, the *dangerous nature* of the engine, the *knowledge* by the defendants, and the *injury* resulting from their subsequent use of it; all of which are alleged and proved.

1. The action rests on the same principal with that relating to injuries by animals *known to be dangerous.* (2 *Starkie on Ev.* 525, 6 *Am. ed.* 1837.) There the owner must at his peril keep the animal secured, or he will be answerable, and even negligence need not be alleged. (9 *Ad. and Ellis*, 101, 110 *to* 113, *May* v. *Burdett;* 15 *Mees. and Welsb.* 563, *Jackson* v. *Smithson;* 1 *Hale's Pl. C*, 430, *Ed.* 1800; 17 *Wend.* 496, 500, *Loomis* v. *Terry.*) If he *wilfully* omits to do so, and a man is killed, it is murder; if *negligently*, it is manslaughter. (2 *Ld. Raym.* 1583, *Rex* v. *Huggins;* 1 *Hale's P. C.* 430, *Ed.* 1800; *Archb. Cr. Pl.* 421, 2 *Ed.* 1846; 2 *Stark. Ev.* 525, 6 *Am. Ed.* 1837.) 2. Again, using an engine known to be dangerous is in principle like employing a servant known to be unskillful; and for injuries resulting from this the defendants would clearly be liable. (6 *Barb.* 243, *per Pratt, J.; Story on Agency*, § 321; 4 *Met.* 49, *Farwell* v. *B. and W. Rail Road Co.;* 5 *Welsb. Hurlst. and Gord.* 353.)

III. The adjudged cases relating to injuries to one servant by the negligence of another, do not conflict with, but maintain the principle on which this action rests. 1. They go no further than to deny that the principal is liable to one servant for an injury sustained by the *mere negligence of another*, while both are engaged in the same service; the *principal not being in fault.* (4 *Met.* 49, *Farwell* v. *B. and W. Rail Road Co.;* 3 *Cush.* 270, *Hayes* v. *Western R. R. Co.;* 6 *Barb.* 231, *Coon* v. *S. and U. R. R. Co.; S. C. on appeal*, 1 *Seld.* 492; 6 *Hill*, 594, *Brown* v. *Maxwell;* 3 *Mees.*

Keegan *against* The Western R. R. Co.

*& Welsb.* 1, *Priestly* v. *Fowler* ; 1 *McMullen's R.* 385, *Murray* v. *S. Car. R. R. Co.*; *Contra,* 3 *Law Reporter,* 74, *New Series* ; 1 *McMullen's R.* 402 *to* 409.) 2. None of them deny, but most if not all of them concede that the principal would be liable if *he* was in fault as well as the servant; *e. g.* by employing him, with knowledge that he was unskillful, or by using an engine, knowing it to be defective. (4 *Metcalf,* 61, 62; 6 *Barb.* 243; 1 *McMullen,* 400, 401; 5 *W. H. & Gord,* 353.) 3. The fact that the persons entrusted to select the engines were in fault, as well as the defendants forms no ground of defence. (1.) The plaintiff was a mere fireman, and had not equal opportunities of knowledge with the defendants as to the danger; the latter having actual notice. (2.) Even if the plaintiff knew that the boiler was defective, *which is not found,* he did not know that it was *dangerous,* this being a question of science on which even experts might differ. (3.) The persons entrusted to select the engines were engaged in a distinct employment from that of the plaintiff, and the defendants would be answerable, therefore, even if they were without actual fault. (See *per Gardiner, J.* 1 *Seld.* 494, 495.) (4.) But the declaration avers, and the referee has found, that the *defendants* caused the injury, and it is immaterial how many others were in fault.

IV. Using the engine in question was an act dangerous to human life, and having been done knowingly, the defendants are responsible, even if the plaintiff was in some degree negligent, which is not found. To excuse them they must show the plaintiff had *notice of the danger.* (15 *Eng. Com. Law Rep.* 91, 93 *to* 96, *Bird* v. *Holbrook;* 17 *Wendell,* 498, 499, *Loomis* v. *Terry;* 21 *Wendell,* 618, 619. *Hartfield* v. *Roper;* 41 *Eng. Com. Law Rep.* 422, *Lynch* v *Nurdin.*

V. The pretence that the plaintiff knew of the danger is inconsistent with the position assumed by the defendants on the trial, viz: that the defects in the boiler did not in-

dicate that it was dangerous.    It is enough, however, that no notice to the plaintiff has been found by the referee.

VI. The case shows that the defendants persisted in running the engine in question under circumstances evincing an utter blindness to every thing except their own pecuniary profit.    It is not a case of simple negligence, but of intentional wrong, and there is no principle on which they can be held irresponsible.    (16 *Wendell*, 649, *Gough* v. *St. John; 3 Maule & Selw.* 11, *King* v. *Dixon; Greenl. Ev.* § 18; 3 *Met. R.* 472; *Lobdell* v. *Baker.*

RUGGLES, Ch. J., delivered the opinion of the court: This case comes before the court on the report of a referee in the nature of a special verdict, and the question is, whether, upon the facts found, the defendants are liable.

The plaintiff was injured by the explosion of the boiler of a locomotive engine on which he was employed by the defendants as a fireman.    The boiler was defective and dangerous, and its condition in this respect was, and had for some time been known to the defendants by the reports of the engineer made on five or six different occasions, which were entered on the books of the defendants kept for that purpose, and the injury to the plaintiff resulted from the improper conduct of the defendants in using the engine in question thus known to be defective.

On this statement of facts no doubt can be entertained of the liability of the defendants.

The cases referred to, in which it has been held that a principal is not liable to one agent or servant for an injury sustained by him in consequence of the misfeasance or negligence of another agent or servant of the same principal, while engaged in the same general business, are not applicable to the case now under consideration.    They are applicable only where the injury complained of happened without any actual fault or misconduct of the principle, either in the act which caused the injury, or in the selec-

tion and employment of the agent by whose fault it did happen. Whenever the injury results from the actual negligence or misfeasance of the principal, he is liable as well in the case of one of his servants as in any other. But where the injury results from the actual fault of a competent and careful agent, (as may sometimes happen,) the fault will not be imputed to the principal when the injury falls upon another servant, as it will where the injury falls on a third person, as for instance on a passenger on a rail road. In the case of a passenger the actual fault of the agent is imputed to the principal on grounds of public policy; in the case of a servant it is not. The reasons for this distinction may be found in the cases cited by the appellants' counsel. But it is unnecessary to state them here, because the injury in the present case is found to have resulted directly from the negligence or misconduct of the defendants themselves, in continuing to use an engine having a defective and dangerous boiler, after notice of its dangerous condition.

It was made a point on the argument that the plaintiff knew the condition of the boiler, and therefore took the risk upon himself. But this point is not sustained in point of fact. The referee does not find that the plaintiff knew it to be in a dangerous condition, and this fact, if material, can not be presumed by the court.

Judgment affirmed