ASHAEL GOODWIN *versus* GEORGE BOWDEN.

If a debtor, having funds in the hands of his agent, verbally orders him to pay a creditor, and the agent promises to execute the order, and the creditor accepts and relies upon the agent's promise, the debtor's power to control so much of the funds as is necessary to redeem such promise is gone.

In such case, the agent's promise becomes an original undertaking, and the funds in his hands are a sufficient consideration for his engagement.

ON EXCEPTIONS.

ASSUMPSIT for money had and received.

WALTON, J. — Action for money had and received. The plaintiff introduced evidence tending to prove that one Ramsdell was indebted to him, that Ramsdell had in the hands of the defendant funds more than sufficient to pay him, that out of these funds Ramsdell ordered the defendant to pay the plaintiff, and that the defendant promised so to do.

The defendant introduced evidence tending to prove that Ramsdell afterwards revoked the order and directed him not to pay the plaintiff.

The plaintiff contended, and requested the Court to instruct the jury, that Ramsdell had no power to revoke the order or change the appropriation of the money after the same had been assented to by the plaintiff and the defendant; that, by virtue of the agreement between the plaintiff and the defendant and Ramsdell, the funds were held by the defendant in trust to pay the plaintiff, and that such trust could not be revoked without the plaintiff's consent.

The Court declined to give this instruction, and instructed the jury "that the plaintiff had no vested right in the funds of Ramsdell in the hands of Bowden, and that if there was a revocation by Ramsdell before any payment to Goodwin by the defendant, then the plaintiff had no right to recover; that if, before Bowden made the payment, or before this suit was brought, the principal revoked his

Goodwin *v.* Bowden.

orders, then he (Bowden) was bound by the orders of his principal."

When this instruction was given, we think the presiding Judge either overlooked or did not attach sufficient importance to the fact that the plaintiff's evidence tended to prove that, before the attempted revocation by Ramsdell, the defendant expressly promised the plaintiff to pay him out of the funds in his hands.

If a debtor, having funds in the hands of his agent, orders him to pay a creditor, and the agent promises to execute the order, and the creditor accepts and relies upon the agent's promise, the debtor's power to control the funds is gone. The agent becomes an original promisor, and the creditor may have an action of assumpsit against him if he does not keep his promise. No consideration need pass as between the agent and the creditor. The funds in his hands are a sufficient consideration for his engagement.

Being grounded upon the consideration of funds in his hands, it is an original undertaking, and the promise is not within the statute of frauds and need not be in writing. It is not a promise to pay the debt of another, but a promise to discharge an obligation resting upon himself. Having funds in his hands for which he is already liable, he agrees to discharge his liability by disposing of the funds as the owner directs. And when by reason of the agent's promise a right of action against him accrues to the creditor, the debtor's authority over the funds ceases. After such a promise has been made by the agent and accepted by the creditor, to allow the debtor, at his own will and pleasure, to nullify the engagement, and by withdrawing his funds destroy the security he has voluntarily given, would not only violate the obligation of a contract, but, as declared by Judge STORY, would be against the clearest principles of justice and equity. In fact it would seem to be a self evident proposition that the defendant's promise, made upon sufficient consideration and accepted by the plaintiff, creates a contract between them of the benefits of which the plain-

tiff cannot be deprived except with his own consent. Story on Agency, § 477; 2 Greenl. on Ev., § 119; *Dearborn* v. *Parks*, 5 Maine, 81; *Hilton* v. *Dinsmore*, 21 Maine, 410; *Maxwell* v. *Haynes*, 41 Maine, 559; *Hall* v. *Marston*, 17 Mass., 575; *Arnold* v. *Lyman*, 17 Mass., 400; *Brewer* v. *Dyer*, 7 Cush., 337; *Carnegie* v. *Morrison*, 2 Met., 381; *Warren* v. *Batchelder*, 16 N. H., 580.

APPLETON, C. J. CUTTING, KENT, DANFORTH and TAP-LEY, JJ., concurred.

*E. B. Smith*, for the plaintiff.

*Drew & Hamilton*, for the defendant.