SAWYER, *Adm'x*, *v*. CONCORD RAILROAD.

A cause of action for personal injuries does not survive.

In an action of trespass by an administrator to recover for injury to property of his intestate, happening in his lifetime from the gross negligence of the defendant, whereby the intestate was mortally injured, neither the personal injury to the deceased, nor the injury to his feelings, nor his death, can be considered on the question of damages.

TRESPASS, for that the plaintiff's intestate, on the 12th day of September, 1870, being in the employment of the defendants as a brakeman upon a train of passenger cars run by the defendants carelessly and recklessly, to the imminent danger of life, limb, and property of all on board, the defendants with force and arms, and by crushing the plaintiff's intestate between their cars, his clothing then and there worn upon his person did bespatter, injure, and destroy, and other wrongs then and there did, against the peace, and to the damage of her intestate, and of herself as his administratrix.

The plaintiff offered to prove the facts alleged in the declaration,—that her intestate died a few days afterwards from the effect of the injuries received; that his personal injuries, the damage to his clothes, and the destruction of his life were caused by the gross carelessness of the defendants in neglecting to fence the road properly at an exposed point, and in neglecting to attach a cow-catcher to the engine; that he was crushed in a collision of the train with cattle, which, by reason of the gross carelessness of the defendants, escaped from land adjoining the road, went upon the track, and being run over by the train threw it from the track. The question was reserved whether, on this evidence, the action of trespass could be maintained.

The plaintiff claimed that, upon the question of damages, if the jury should find there was gross carelessness in these particulars, the deceased not being in fault, they would not be restricted to the value

of the clothing, but might award exemplary damages in their discretion. The question was reserved whether the jury should be so instructed ; also whether, on the evidence offered, the plaintiff could recover more than the value of the clothing ; whether damages could be recovered for the injury to the person of the deceased, or for the loss of his life ; whether the personal injury or the death could be considered on the question of damages ; and whether damages could be given for injury to the feelings of the deceased caused by damage done to his person or clothing, or for injury to his feelings without limitation of cause.

*Morrison & Clark*, for the plaintiff.

*Sargent & Chase*, for the defendants.

SMITH, J. The first question is, whether the action of trespass can be maintained. In this point of view, it is immaterial how the declaration is framed. Such acts, and such only, as are committed with violence, *vi et armis*, to the person, property, or relative rights of another, are comprehended under the general division of trespass. Those wrongs alone are characterized as trespass the immediate consequences of which are injurious to the plaintiff. If the damage sustained is a remote consequence of the act, the injury falls under the denomination of trespass on the case. Hammond's Nisi Prius 34. Chitty lays down the law as follows : If the injury be forcible, and occasioned immediately by the act of the defendant, trespass, *vi et armis*, is the proper remedy ; but if the injury be not in legal contemplation forcible, or not direct and immediate on the act done, but only consequential, then the remedy is by action on the case. 1 Ch. Pl. 122 ; *Dalton* v. *Favour*, 3 N. H. 465.

It is stated in the case that the injuries complained of were caused by—*i. e.*, were the consequence of—the gross carelessness of the defendants. Trespass *vi et armis* cannot be maintained on this state of facts. It is true that the carelessness is said to be gross, and we may suppose that the plaintiff means to have it inferred that it was equivalent to malice ; but although the grossness which the jury find equivalent to malice may in some instances affect the liability of the party, it cannot change the nature of an act from negligent to violent, or from consequential to immediate.

The allegation in the declaration of the crushing of Sawyer is not the main charge: it is an averment incidental to the main charge, that, by crushing Sawyer between the cars, the defendants destroyed his clothing. The substance of the declaration is, that by carelessly running their cars, and by crushing Sawyer between them, the defendants damaged and destroyed his clothing. Being in the employment of the corporation as a brakeman, he took upon himself the ordinary risks and perils incident to such service, his compensation in legal presumption being adjusted accordingly. *Farwell* v. *B. & W. R. R.*,

4 Met. 49. For neglecting to exercise ordinary care and prudence in keeping the road and its cars and locomotives in repair, and in employing skilful and sufficient help, the corporation is liable to its servant injured by reason of such negligence, he being in no fault. *Fifield* v. *N. R. R.*, 42 N. H. 225. But all actions of this kind, so far as we have examined, have been case for negligence in these particulars, and not trespass. Claims for such damages are founded upon the implied contract of the master to use ordinary care and prudence in the employment of skilful servants, and in furnishing suitable machinery and the like. Redf. on R. 386; *Keegan* v. *W. R. R.*, 8 N. Y. 175; *Fifield* v. *N. R. R.*, *supra*, 237; *Farwell* v. *B. & W. R. R.*, *supra*, 56. And where the employer neglects to perform his contract thus implied, and through such negligence the servant is injured, he has his action against his employer for his damages so occasioned. It is indeed well settled, where the injury is attributable to negligence, even if it be the immediate effect of the defendant's act, the party injured has his election either to treat the negligence of the defendant as the cause of action, and declare in case, or to consider the act itself as the cause of the injury, and declare in trespass. *Dalton* v. *Favour*, 3 N. H. 466. But in all such cases the negligence referred to is understood to mean negligence in the doing of some act, and not negligence in omitting to act.

Neither the heir nor the executor represents the person of the ancestor or testator, except as to his real and personal estate. Com. Dig. "Administration" (B, 13). Inasmuch as an action of trespass is a right which the deceased possessed in his individual capacity, the general rule of law is, that a personal right of action dies with the person. Hammond's Nisi Prius 78; *Wyatt* v. *Williams*, 43 N. H. 102; *Vittum* v. *Gilman*, 48 N. H. 416. An exception to the general rule is derived from the statute 4th Edward III, *c.* 7, by which it was enacted, in substance, that executors may have an action of trespass done to their testators, as of the goods and chattels of the same testators carried away in their life. This statute, says Chitty, has been construed to extend to every description of injury to personal property, by which it has been rendered less beneficial to the executor, whatever the form of action may be. 1 Ch. Pl. 57. Accordingly the executor always concludes his count, " to the damage of himself as executor,"—*i. e.*, to the diminution of that estate which he as executor personifies. Hammond's Nisi Prius 79. Ever since that statute it has been held that personal actions could only be maintained by plaintiffs, executors, when the damage was in diminution of the estate represented, and against defendants, executors, when the trespass had tended to benefit the estate represented.

By our statute, pending actions may be prosecuted after the death of the plaintiff, although the cause of action does not survive. Gen. St., *c.* 179, *s.* 16; *c.* 207, *ss.* 11, 12. But we have no statute extending the law in regard to those causes of action which survive. Gen. St., *c.* 179, *s.* 7. The rule of pleading, which requires that in all

actions by an administrator or executor the count should conclude "to the damage of himself as executor or administrator," is by no means technical or formal.   This conclusion conforms to the rule of law still existing, that the cause of action does not survive unless it was a cause which diminished the estate represented by the executor or administrator ; and a declaration would be bad, on general demurrer, if it concluded otherwise than to the damage of the plaintiff as executor or administrator.

If this be so, no damages can be recovered beyond the value of the clothing, and interest,—neither for the injury to the person of the deceased, or for injury to his feelings.   Nor can the personal injury or death be considered on the question of damages, because by none of these particulars was there a diminution of the estate which the plaintiff represents.   The gist of the action is the destruction of the clothing ; and the action only survives so far as that destruction diminished the assets.   This view renders unnecessary any discussion of the theory of exemplary damages.   If the plaintiff can recover nothing for the loss of the life of her intestate, nor for any injury to his person before death, she cannot indirectly recover for the same thing under the name of exemplary damages.

*Case discharged.*

Doe, C. J., and Stanley, J., did not sit : the others concurred.