Merrimack, }
Dec., 1899. }

### STEWART v. LEE.

### SAME v. LEE & a.

### SAME v. SAME.

An action for breach of promise of marriage and the judgment recovered therein survive in favor of or against a person deceased, and are assignable.

The right of an assignee of a judgment to maintain an action thereon in the name of the assignor will not be defeated by a release procured by the judgment debtor after notice of the assignment.

BILLS IN EQUITY, to aid in the collection of a judgment recovered against the defendant Lee, in an action for breach of promise of marriage. William C. Eaton, and others, had an equitable assignment of this judgment as security for $1,966.24, and Lee,

after he knew of the assignment, procured a release from the plaintiff and moved to dismiss these actions. The court denied his motion, and allowed Eaton to appear and prosecute them as plaintiff in interest, and the defendant excepted.

*Matthews & Sawyer*, for the plaintiffs in interest.

*Streeter, Walker & Hollis*, for the defendants. The exception taken at the trial and insisted on now is that an action for a breach of a contract to marry could not be assigned. It is plain that there was no actual, formal assignment of the judgment or of the plaintiffs' interest in the suit. No entry was made on the docket indicating that her attorneys were plaintiffs in interest. It was the cause of action that was assigned, if anything; and if that did not pass to counsel, they have no claim upon the judgment. A party having a cause of action, in its nature not assignable, cannot by any agreement before judgment or a verdict thereon give his attorney any interest therein. 2 Freem. Judg., s. 425 ; *Coughlin* v. *Railroad*, 71 N. Y. 443 ; *Pulver* v. *Harris*, 52 N. Y. 73 ; *Brooks* v. *Hanford*, 15 Abb. Pr. 342. If, therefore, the cause of action upon which the plaintiff obtained her judgment was not assignable, her attorneys acquired no rights thereto under their contract of employment, whether that contract was express or implied ; and they stand with reference to the judgment as strangers. It will not be claimed, we assume, that at common law such a cause of action was assignable.

"No case is cited where it has been held that an assignment of a claim for damages for an injury to the person has been held good, when the assignment was made before judgment in an action of tort. Such claims were not assignable at common law." *Rice* v. *Stone*, 1 Allen 566, 568. "But it is usually held that torts to the person or character, when the injury is confined to the body or the feelings, and those contracts the breach of which produces direct injury and damage, both mentally and to the person, are, so long as they are executory, not assignable. . . . On grounds of public policy, the sale or assignment of actions for injuries to the person are void. The law will not consider the injuries of a citizen, whereby he is injured in his person, to be, as a cause of action, a commodity of sale." *North Chicago Street R. R.* v. *Ackley*, 171 Ill. 100. The right of action for seduction of a female servant does not pass to the master's assignees in bankruptcy. "Assignees of a bankrupt are not to make a profit of a man's wounded feelings ; causes of action, therefore, which are, as in this case, purely personal, do not pass to the assignees." *Howard* v. *Crowther*, 8 M. & W. 601. "So of a man's absolute personal rights in general, as his claim to safety

from violence and his relative rights as a husband, a father, a master, a trustee, etc. These, though professedly aliened in the strongest terms, cannot be specifically bound. Neither law nor equity will recognize the transfer." *People* v. *Tioga Com. Pleas,* 19 Wend. 73. "Actions for the breach of a promise of marriage . . . fall under this head, being considered actions for injuries to the person." *Zabriskie* v. *Smith,* 13 N. Y. 322, 333. "The promise of marriage is merely personal; the action for the breach of it seeks redress for disappointed hopes, wounded pride, humiliation, for the loss of coveted society and protection, it may be for the loss of happiness." *Wade* v. *Kalbfleisch,* 15 Abb. Pr. N. S. 16; *S. C.,* 58 N. Y. 282. Such a cause of action cannot be assigned. *Stebbins* v. *Palmer,* 1 Pick. 71; *Linton* v. *Hurley,* 104 Mass. 353; *Chamberlin* v. *Williamson,* 2 M. & S. 408.

Most of the foregoing cases arose in jurisdictions where the common-law rule of the survival of actions had been enlarged, as in this state, by legislation. It is submitted that the test of the assignability of a cause of action is not necessarily furnished by the fact that by statute it survives to the administrator. The true test is whether the damages suffered have diminished the plaintiff's estate; whether his property rights have been injuriously affected. "A claim for the tortious conversion or destruction of property is based on a right to property which has a certain value. . . . A claim to damages for a personal tort, before it is established by agreement or adjudication, has no value that can be so estimated as to form a proper consideration for a sale. Until it is thus established, it has no elements of property sufficient to make it the subject of a grant or assignment. The considerations which are urged to a jury in behalf of one whose reputation or domestic peace has been destroyed, whose feelings have been outraged, or who has suffered bodily pain and danger, are of a nature so strictly personal that an assignee cannot urge them with any force. . . . There cannot be the same objection to the transmission of such a claim to executors and administrators as to its assignment to strangers, and by our recent legislation actions for damage to the person survive; but we do not consider this as materially affecting the question whether such rights of action may be assigned to a stranger. . . . In view of these and many other authorities to which we are referred, we are of opinion that the ancient doctrine of the common law upon this subject is still in force, and that the reasons on which it was founded are still valid." *Rice* v. *Stone,* 1 Allen 566.

"It becomes important, then, in fixing the scope of the equity jurisdiction, to determine what things in action may thus be legally assigned. The following criterion is universally adopted: All

things in action which survive and pass to the personal representatives of a decedent creditor as assets, or continue as liabilities against the representatives of a decedent debtor, are, in general, thus assignable; all which do not thus survive, but die with the person of the creditor or of the debtor, are not assignable. The first of these classes, according to the doctrine prevailing throughout the United States, includes all claims arising from contract, express or implied, with certain well defined exceptions, and those arising from torts to real or personal property, and from fraud, deceit, and other wrongs, whereby an estate, real or personal, is injured, diminished, or damaged. The second class embraces all torts to the person or character where the injury and damage are confined to the body and feelings, and also those contracts, often implied, the breach of which produces only direct injury and damage, bodily and mental, to the person, such as promises to marry, injuries done by the want of skill of a medical practitioner, contrary to his implied undertaking." 3 Pom. Eq. Jur., s. 1275. The author thus draws a very plain distinction between actions relating to injuries to property and injuries which are strictly personal, as in the case of a breach of promise of marriage; and this distinction is fully recognized and enforced in *Sawyer* v. *Railroad*, 58 N. H. 517; *Jenkins* v. *French*, 58 N. H. 532; *Vittum* v. *Gilman*, 48 N. H. 416.

Our legislature, while modifying the common-law doctrine of the survival of actions (P. S., c. 191, ss. 8–13), has furnished evidence that it did not intend thereby to change the common-law doctrine of the assignability of causes of action. The statute provides that an administrator may sue for physical injuries to the deceased which resulted in his death; but the damages recovered do not belong to his estate, but to the widow or to his heirs-at-law. A special remedy is thus provided for a particular purpose, — that is, for the benefit of those who were immediately dependent upon the deceased, — but not for the benefit of his creditors or his estate generally. But this peculiar modification of the common law, giving the administrator the right to maintain such an action, did not also authorize the intestate, before his death, to assign the right to sue for his injuries to a stranger. The common law in this respect was not changed. Suppose before his death he had executed a formal assignment of his cause of action to a third party: the result would be that, if the assignment were valid when made, no suit could be maintained by the administrator on account of the deceased's injuries and his resulting death, and the purpose of the statute would be completely defeated. This result shows conclusively that the legislature did not intend to make causes of action assignable which before had not been assignable at common law, or to establish a new test of the assignability of actions.

But even under the statute a cause of action like this one does not survive and cannot be assigned. "The more recent statute of 1842, c. 89, s. 1, was cited. It provides that the action of trespass on the case for damage to the person shall survive. This manifestly extends only to damage of a physical character, as by negligence of carriers, towns, or the like. If the term 'person' were used in a broader sense, it would extend to slander and every other possible case of tort, which could not be intended." *Smith* v. *Sherman*, 4 Allen 408, 413.

So that if it is admitted that every cause of action that passes to the administrator is assignable by the deceased in his lifetime, a right to sue for the breach of a contract of marriage could not be vested in a stranger. "Actions of tort for personal injuries to the person . . . shall survive to the extent and subject to the limitations set forth in the five following sections, and not otherwise." P. S., c. 191, s. 8. Will it be seriously claimed that under this statute an administrator might maintain a suit against a man for the breach of his contract to marry the deceased? Such an idea is absurd, and is not entitled to serious consideration. It follows, therefore, that a cause of action founded on a breach of a promise of marriage is not assignable either at common law or under the statute, and that the plaintiff's attorneys acquired no rights to her cause of action by the "equitable assignment" thereof, or to her subsequent judgment rendered thereon. It is suggested that if such an assignment is generally impossible and void, it is good when made to an attorney. "But . . . when the cause of action is like this, such as by its nature is not assignable, the party owning it cannot by any agreement give his attorney or other person any interest therein." *Coughlin* v. *Railroad*, *supra*; *North Chicago Street R. R.* v. *Ackley*, *supra*.

YOUNG, J. All choses in action, with a few exceptions not material in any view of this case, which descend to or survive against the administrator of a deceased person, can be assigned. *Jordan* v. *Gillen*, 44 N. H. 424, 426. An action for a breach of promise of marriage did not survive at common law, for although in form *ex contractu*, it is in fact to recover damages for a personal injury, and all such actions died with the person (*Vittum* v. *Gilman*, 48 N. H. 416; *Sawyer* v. *Railroad*, 58 N. H. 517; *Jenkins* v. *French*, 58 N. H. 532); but the legislature has from time to time added other causes of action to those which survived at common law, until now all actions and causes of action survive except those to recover penalties. Laws, ed. 1830, p. 96; R. S., c. 186, s. 14; Laws 1844, c. 139; C. S., c. 198, s. 14; G. S., c. 207, ss. 11, 12; Laws 1872, c. 48, s. 1; G. L., c. 226, ss. 11, 12; Laws 1885, c. 11, s. 1; Laws 1887, c. 71; P. S., c. 191, ss. 8–14.

This is the effect of the language used in the present statute, giving it its ordinary meaning, and there is nothing to show that the legislature intended to give it any other.

The defendants' contention that the legislature intended that only those personal actions should survive which are brought to recover for physical injuries is not supported by the evidence; for the legislature, after providing that such actions should survive for the benefit of particular persons (P. S., c. 191, ss. 8–13), enacted that all other actions and causes of action existing in favor of or against a deceased person, except actions upon penal statutes, should survive (*Ib., s.* 14), thus clearly showing that they did not intend to limit the causes of action which survive to those to recover for physical injuries. *Vittum* v. *Gilman, supra, Sawyer* v. *Railroad, supra,* and *Jenkins* v. *French, supra,* relied upon by the defendant in support of his position, were all decided when the common-law rule was in force in this state.

With this view it is immaterial whether the facts are as they appear in the reserved case, or as assumed in the defendants' brief; for both an action for breach of promise of marriage, and the judgment recovered in such action, survive by statute and can be assigned. *Jordan* v. *Gillen,* 44 N. H. 424, 426; *Hilliard* v. *Beattie,* 67 N. H. 571.

The assignment of a chose in action does not vest the legal title in the assignee, and he cannot maintain an action upon it in his own name; but it gives him such an equitable interest that he can maintain an action in the name of the assignor, and the court will not suffer the original parties to interfere with its prosecution after the debtor has notice of the assignment. *Jordan* v. *Gillen,* 44 N. H. 424, 427; *Thompson* v. *Emery,* 27 N. H. 269; *Baker* v. *Davis,* 22 N. H. 27, 35.

As Lee knew of the assignment to the plaintiffs in interest before he obtained the release, his act in obtaining it cannot affect their rights, and his motion was properly denied.

*Exception overruled.*

BLODGETT, C. J., did not sit: the others concurred.