Hillsborough, }
Dec. 7, 1920. }

## MYRA BROWN, *Ex'x, v.* R. WILLIAM WEEKS.

Under P. S., c. 191, ss. 8–10, case lies by an executrix against a physician for the increased pain and suffering caused the testate by negligent treatment of an injury, though the injury itself would necessarily prove fatal.

CASE, against the defendant as a physician and surgeon for negligent treatment of the plaintiff's testate, as a result of which he suffered and died. Trial by jury and verdict for the defendant.

Transferred by *Kivel,* C. J., from the January term, 1920, of the superior court.

There was evidence that the treatment was begun June 13, 1914, following an accident which lacerated the testate's finger. He died on the twenty-third of the same month. The evidence as to the defendant's treatment and as to the cause of death was conflicting, the defendant claiming that it was due to a type of blood-poisoning contracted at the time of the accident and that from that cause death was inevitable, and the plaintiff claiming the death and the suffering of the testate was due to the negligent treatment of the defendant. The court charged the jury that in order for the plaintiff to recover they must be satisfied that death resulted from the negligent treatment of the defendant. To this the plaintiff excepted, and requested the court to instruct the jury that if the defendant was negligent in his treatment of the deceased, even though death was bound to result, the plaintiff might recover for the added pain and suffering due to that negligence. The court refused to so charge, and the plaintiff excepted.

*Warren, Howe & Wilson,* for the plaintiff.

*Timothy F. O'Connor* and *Myer Saidel,* for the defendant.

WALKER, J.  The action was brought to recover damages for the death of the testate and for the pain and suffering caused by the negligence of the defendant, which, it was alleged, resulted in the testate's death but which the jury found did not have that effect. If the suit had been originally brought to recover for the pain and suffering alone, it could not be doubted that the cause of action would survive under ss. 8–10, c. 191, P. S.  *Piper* v. *Railroad,* 75 N. H. 435, 440–444.  But the fact that recovery was also sought for the death under s. 12 does not preclude a recovery under other sections for the pain and suffering caused by the defendant's negligence when death did not result therefrom.  *Stewart* v. *Lee,* 70 N. H. 181, 183.  The two causes of action are separable, and the ruling of the court was erroneous.

*Exceptions sustained: verdict set aside: new trial on the issue of liability for pain and suffering.*

All concurred.