Hillsborough,
April 4, 1939. } No. 3049.

SLAWSBY REAL ESTATE COMPANY

*v.*

MARKAR G. MARKARIAN *& a.*

*James A. Broderick* and *Maurice A. Broderick* (*Mr. Maurice A. Broderick* orally), for the plaintiff.

*Wason, Guertin & Leahy* (*Mr. Guertin* orally), for the trustees.

*Per Curiam.* Cases where no rights of attaching creditors are involved (*Stewart* v. *Lee,* 70 N. H. 181; *Thompson* v. *Emery,* 27 N. H. 269) are of no assistance. Nor are cases involving the assignment

of the assignor's whole interest (*Jordan* v. *Gillen,* 44 N. H. 424; *Baker* v. *Davis,* 22 N. H. 27). As to the balance of the judgment, the trustees claim no interest of their own. Therefore they hold in trust for somebody. If the assignor and the assignees had contracted that the judgment should be security for particular creditors of the assignor other than the assignees and the deputy sheriff, their intention might have been executed by the court. *Danforth* v. *Denny,* 25 N. H. 155. But as the matter stands, the trustees must be taken to hold the balance generally for the assignor or in his right. No authority appears to have been given by the assignor for payment of this sum to any particular creditors, and the trustees could not discharge themselves by such payment. *Leeds* v. *Sayward,* 6 N. H. 83; *Spinney* v. *Company,* 25 N. H. 9. The trustees are chargeable in the present proceedings.

*Case discharged.*

All concurred.