The Terre Haute, Alton and St. Louis Railroad Company, Appellant, *v.* Jacob Augustus, Appellee.

### APPEAL FROM EDGAR.

In an action on the case, at common law, against a railroad company, for killing cattle, negligence should be averred and proved; it is otherwise if the action is brought under the statute.

In such an action it is error to instruct, that if the defendant did not fence the road as required by statute, and cattle were killed by cars of defendant, that defendant is liable, whether the killing resulted from negligence or not.

Jacob Augustus commenced an action of trespass on the case against the Terre Haute, Alton and St. Louis Railroad Company, in the Edgar Circuit Court, and filed his declaration, alleging that the Terre Haute, Alton and St. Louis Railroad Company, with the locomotive and cars under the management and control of its agents, on the first day of January, 1856, by and through the negligence, etc. of its servants, and from the carelessness and neglect of the company to enclose their road by a good and sufficient fence, to keep off stock, as required by the statute, run upon and struck three cows, three steers, three heifers, six hogs and one sheep, of the value of $500, and injured them so that they·died. The defendants below filed the plea of the general issue, and the cause was tried by a jury, Harlan, Judge, presiding, and a verdict was rendered for the plaintiff below for $153.

The evidence showed that the stock alleged to have been killed, had been found lying dead near the defendant's track, having apparently been struck or run over by the defendant's cars, and that the value of the stock was about $160.00.

The court, at the instance of the plaintiff below, instructed the jury:

"That it was the duty of the defendants to erect and maintain fences on the sides of their road, sufficient to prevent cattle, sheep, horses and hogs from getting on such railroad, except at the crossing of public highways, and within the limits of towns, cities and villages, and when it was through lands lying at a greater distance than five miles from any settlement, and except when such fence is not necessary to prevent stock from getting on the track of such railroad from lands adjoining the same; and if the jury believe, from the evidence, that the defendants did not fence their road as required by the statute, and that the cattle of the plaintiff were killed by the locomotive and cars of the defendant, after the 13th day of August, 1855, then the said defendant is responsible to the said plaintiff for the value of said cattle, and it is not necessary to show a want of due diligence, and the jury must so find."

To which instruction defendant below excepted.

The defendant below, upon the rendering of the verdict by the jury, moved for a new trial, which motion the court overruled.

LEVI DAVIS, and READ & BLACKBURN, for Appellant.

A. GREEN, for Appellee.

BREESE, J. This is an action on the case, brought by Augustus against the Terre Haute, Alton & St. Louis Railroad Company, for negligence in running their cars, by which the cattle and hogs of the plaintiff were killed. The declaration is at common law, and not under the act of the legislature, entitled "An act to regulate the duties and liabilities of railroad companies." Laws of 1855, p. 173.

Under this act, it is not deemed necessary for the owner of the property killed, when no fence has been erected, to allege and prove carelessness or negligence on the part of the company, in running their trains. It is sufficient, in such case, to prove the fact of killing. At common law, the plaintiff, averring negligence in running the trains, must prove it before he can recover.

In this case, there is a total absence of all proof on that point. The killing only, and the value of the animals, was proved.

The action being at common law, it was erroneous to instruct the jury, that "if they believe, from the evidence, that the defendants did not fence their road as required by the statute, and

that the plaintiff's cattle were killed by the cars of the defendant, after the 14th of August, 1855, then the defendant is responsible for the value of the cattle, whether the killing resulted from the negligence of the defendant, or not, and they must so find."

This instruction would be proper had the declaration brought the case within the statute.

The judgment is reversed, and the cause remanded, with leave to the plaintiff to amend his declaration.

*Judgment reversed.*