## ANN CURRAN, Adminstratrix, *v.* THE WARREN CHEMICAL and MANUFACTURING CO.

*Evidence—Negligence—Railroad Company.*

In an action for negligently causing the death of a person, the burden of establishing the negligent causing of the death is upon the plaintiff; and it is error for the Judge to charge the jury, if the death of the party occur on defendants' premises while defendants are in exclusive occupation thereof, that, as a matter of law, the defendants are liable, unless they can explain the cause of such death.

BOCKES, J.—This action was brought by the Plaintiff as administratrix, under the Act of 1847, and its amendments, which gives compensation in case of the death of a person occasioned "by wrongful act, neglect, or default."

The Defendants, a Manufacturing Company, were engaged in the distillation of coal-tar, and in the manufacture of chemical oils, as benzole, benzine and naphtha.

The deceased, a son of the Plaintiff, was a boiler-maker in the employ of a firm engaged in the construction and reparation of boilers, and was sent by his employers to the Defendants' manufactory to repair their boiler. To prosecute the work it was necessary to labor on the inner surface by the light of lamps, entering through an orifice opened for the purpose.

On the day of the disaster, the deceased labored as he had done for several previous days, until twelve o'clock, then went to his dinner, from which he returned in about a half hour, entered the boiler, and fell dead almost instantly, in consequence of inhaling foul and poisonous gas, which had accumulated during his absence. It does not distinctly appear where and how the foul gas had its origin. On this point the parties supported different theories from the evidence. On the part of the Plaintiff it was insisted that it was generated in the adjoining still—the entire works comprising six—and escaped into the boiler where the deceased labored, through some imperfection in the works, or by reason of inattention and want of care in the Defendants' agents and servants in permitting this result.

On the part of the Defendants it was maintained, that the gas was generated in the boiler itself, by reason of the combustion of the lamp, and the respiration of the laborers therein; and further that, wherever it had its origin, the deceased himself contributed to the danger and actually caused the catastrophe, by closing or directing the closing of the ventilator attached to the boiler, and which operated as a safety-valve for the escape of noxious gases. .

There was no dispute but that there was such ventilator, and that safety to the laborers within the boiler required it to be generally, if not at all times, open while the work was progressing; nor is there any dispute but that the deceased, in the forenoon of the day of the disaster, directed and caused it to be closed.

. In this view of the case, and in my judgment none other can fairly be taken, the learned Judge should have nonsuited the Plaintiff at the close of the evidence, as he was requested to do, for on the conceded or undisputed facts it stood established that the deceased, by his own careless, negligent, and wrongful act, contributed to the cause which produced his death. It seems plain beyond peradventure that the closing of the ventilator prevented in a very great degree the escape and diffusion of the noxious vapor, and caused it to accumulate; and its unusual collection and concentration thus produced was the immediate cause of the injury complained of.

But if it be admitted that a case was made for the consideration of the jury, then it was submitted to them in one respect upon a wrong theory. The general tone of the charge was undoubtedly correct. The jury were instructed that they were to consider the ordinary hazards and risks of the employment, whatever they were, as having been voluntarily assumed by the deceased; that when a man engages in a dangerous enterprise, he accepts its ordinary risks, and is bound to foresee and submit to the consequences which usually attend it. They were also correctly instructed, that in order to recover, the Plaintiff was bound to show that the deceased came to his death without fault on his part and through the negligence, carelessness, or wrongful act of the Defendants, their agents or servants. But they were also told that,

under the facts proved in this case, the Defendants must explain how this man came to his death; that, since the Plaintiff had shown that the deceased was killed on the Defendants' premises, in their factory, under their exclusive control, the burden of proof was cast upon the Defendants to explain how that death came, and that they must satisfy them (the jury) that it was caused without any fault on their part, or be responsible in damages. It was also charged that, inasmuch as the death occurred on the Defendants' place, where they were in the exclusive occupation and control of it, as matter of law the Defendants were liable, unless they could explain the cause; that, when a man has been killed or has died on the premises of a party charged with a wrong in that regard, without assignable reason for it that can be seen, such person is bound, in order to discharge himself from liability, to show that he is not to blame for such death. And again the Judge remarked, "Now, upon that question" (the question how deceased came to his death), "the burden of proof, as I have told you, is with the Defendants, to show how this man came to his death, *because it took place on their premises ;*" and it is added, "it is not necessary, as I can see, for the Plaintiff to show you the precise manner or theory of his death." There are other paragraphs in the charge of similar import. These instructions were obviously erroneous. The mere fact that an injury or death on the premises of a party, in his possession and under his control, raises no presumption of wrong against such party. The circumstances under which the injury occurred must still be proved, showing a wrongful act or omission of some duty on the part of the person sought to be charged, in order to establish a liability. The simple happening of an injury on one's premises raises no presumption of wrong on his part any more than would the happening of an injury in his presence or under his observation. The burden of proof in all cases of negligence is on the Plaintiff.

It was held in Holbrook and wife *v.* The Utica and Schenectady R. R. Co. (12 N. Y. 236), that when a passenger on a railroad is injured, the burden of proving that the injury was caused by the negligence of the company or its servants, rests upon the

party seeking to recover damages therefor; and that the mere fact that a person is injured while riding in a railroad-car, does not impose upon the company the burden of disproving negligence. Judge Ruggles properly remarks, the presumption arises from *the cause* of the injury, or from other circumstances attending it, and not from the injury itself. So, in the case under examination, if indeed it was a proper one for them, the jury should have been directed to examine into the cause of the death, with a view of determining the Defendants' liability, instead of starting with a presumption of wrong, from the fact that the deceased died on the Defendants' premises. The charge of the Judge was manifestly wrong in a very essential particular. It cast the burden of proof where it did not belong, and permitted the jury to hold the Defendants to a liability not warranted by the facts on which it was supposed to rest.

The order of the General Term, reversing the judgment and granting a new trial, was clearly right, and should be affirmed. The Defendants are also entitled to judgment absolute in their favor, according to the stipulation.

DAVIES, HUNT, SCRUGHAM, PARKER, and GROVER concurred in the conclusion arrived at on the last point discussed in the opinion.

PORTER, J., was for renewal. WRIGHT, J., expressed no opinion.