# THE BALTIMORE AND OHIO RAIL ROAD COMPANY *vs.* JOHN BAHRS.

## *Liability of Rail Road Companies.*

In an action against a rail road company by one not a passenger, nor in the service of the company, to recover damages for an injury alleged to have been caused by the negligent and careless driving of a car of the defendants, by one of their agents or servants, the plaintiff is not entitled to recover, if the defendants exercised ordinary care and diligence in the management of the car at the time of the accident; and the *onus* of proving the absence of such care and diligence is on the plaintiff.

APPEAL from the Superior Court of Baltimore City.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*Ferdinand C. Latrobe,* for the appellants, argued:

That the Court should have gone further and required the jury to find that the plaintiff did not contribute in any way, by want of ordinary care and prudence on his part, to the accident, notwithstanding they might find a want of ordinary care and diligence on the part of the defendants; and referred to the following authorities: *State, use of Coughlan, vs. Baltimore and Ohio Rail Road Co.,* 24 *Md. Rep.,* 84; *Wilds vs. The Hudson River Rail Road Co.,* 24 *New York Rep.,* 430; *Spencer vs. Utica and Sch. Rail Road Co.,* 5 *Barbour,* 337; *Hartfield vs. Roper & Newell,* 21 *Wend.,* 615; *Chicago City vs. Robins,* 2 *Black,* 418.

*Levin Gale,* for the appellee.

MILLER, J., delivered the opinion of this Court.

This action was brought by the appellee against the appellants to recover damages for an injury alleged to have been caused by the negligent and careless driving of one of their cars along Pratt street, in the city of Baltimore, by a servant or agent of the defendants. The plaintiff was not a passenger nor in the service of the company, and the suit is founded on common law principles. Testimony was taken on both sides showing the circumstances under which the accident occurred, and the extent of the injury sustained by the plaintiff. After the evidence was closed, no prayers were offered on the part of the plaintiff, but the defendants asked four instructions to the jury, all of which were granted except the first, which the Court refused to grant in the form prayed, but gave the following instruction in lieu thereof: "If the jury shall believe from the evidence that the car of the defendants, spoken of

Baltimore and Ohio Rail Road Co. *vs.* Bahrs.

by the witnesses as causing the accident testified to, was, at the time of the accident, managed with ordinary diligence and care, then the plaintiff is *not entitled to recover*, and the burden of proof is on the plaintiff to show that the accident was caused by the want of ordinary care and diligence on the part of the defendants." The defendants excepted to the granting of this instruction, but took no exception to the refusal to grant their first prayer as presented. The only question before us, therefore, is the correctness of this instruction; we are not at liberty to pass upon the rejected prayer if we find no error in the action of the Court in granting this instruction. The appellants' counsel admits the law of the instruction is correct so far as it goes, and the only complaint made is, that it was calculated to mislead the jury, because it did not go further and instruct them that even if there were want of ordinary care on the part of the defendants, yet, if there were negligence contributing to the injury on the part of the plaintiff, he was not entitled to recover. The instruction, however, does not undertake to tell the jury the plaintiff *could recover* merely upon proof of want of ordinary care on the part of the defendants, notwithstanding any contributing negligence on his part, but is a *denial of his right to recover* if the jury should find there was ordinary care and diligence exercised in the management of the car at the time of the accident, and an assertion that the *onus* of proving want of such care and diligence was *on the plaintiff*. We cannot perceive how such an instruction could possibly work any prejudice to the defendants, or how the jury could have thereby been misled into finding a verdict for the plaintiff. The law that a party cannot recover for injuries to which his own negligence directly contributed, is undoubtedly well settled, and if the Court in this case had rejected all the prayers, and given instructions to the jury upon the whole case, setting forth what would defeat a recovery, and upon the finding of what facts the plaintiff was entitled to recover, it would have been error if the Court had failed to instruct them as to the effect

of such contributing negligence on the plaintiff's part, but nothing of the kind was designed or attempted by the instruction now before us. No reference is made to the effect of such negligence in the prayer for which the Court's instruction was a substitute, and if the defendants were not satisfied that the law on this subject was sufficiently stated in their favor in the prayers which were granted, they should have presented an additional instruction embodying their views; but surely no error can be imputed to the Court because it did not *volunteer* to help them out in this respect.

*Judgment affirmed.*

(Decided 18th May, 1868.)