Caldwell *v.* New Jersey Steamboat Company.

---

## CALDWELL *vs.* THE NEW JERSEY STEAMBOAT COMPANY.

It is not error for a judge, at the trial, to refuse to hold the case open in order to give the defendants time to send from New York to Albany for a witness to support the testimony of two of their witnesses, which has been attacked; or to refuse to open the case, after the testimony on both sides has been closed, in order to allow the defendants to introduce the testimony of the witness from Albany, said to be in court, for the same purpose. That is a matter of discretion, with the judge.

In an action by a passenger upon the defendants' steamboat, to recover damages for personal injuries caused by the explosion of a boiler, the judge instructed the jury that they could not visit punitory damages upon the defendants, unless they believed that the defendants neglected, "either in the construction or management of the boiler, some act which is generally resorted to, to test its sufficiency or work it safely." And he refused to instruct the jury absolutely that the plaintiff was not entitled to recover exemplary or vindictive damages. *Held* that the principles laid down in the charge were correct; and that it was the duty of the jury to apply them to the testimony, and to say whether the defendants had been guilty of such negligence as the court described.

*Held, also,* that it would have been an invasion of the province of the jury, if the court had undertaken to say that the facts were not such as to entitle them to find exemplary damages.

Where, in such an action, the plaintiff proved that he was seriously injured by the explosion, and that for months his life was despaired of; it was *held* that a verdict in his favor for $20,000 was not vindictive, or in excess of the damages sustained.

The presumption of law is, that the proprietors of a steamboat are liable for the explosion of a boiler on a boat under their control; and they are bound

to show, if they can, that the accident occurred from causes which human skill and foresight, in the construction and management of the machine, could avert or foresee.

APPEAL by the defendants from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger upon the defendants' steamboat, by means of an explosion of the boiler.

On the trial, the plaintiff proved that on the 28th of October, 1865, he purchased a ticket of the defendants and took passage upon their steamboat, "St. John," from Albany to New York; that on the 29th, when near New York, the boiler exploded, and the plaintiff was seriously injured, by the rush of steam and hot water, and for about five months was confined to his hotel, in the city of New York, he being a resident of the State of Indiana; his life, for the first three months, being despaired of. The plaintiff testified that during the period of his confinement he paid out, for medical attendance, nurses, hotel expenses, &c., $6770.

The defendants moved for a nonsuit, and to dismiss the plaintiff's complaint, on the grounds, among others, that the plaintiff had not proved negligence on the part of the defendants, and that he had not shown sufficient to entitle him to recover. The motion was denied, and the defendants excepted.

The jury found a verdict in favor of the plaintiff, for $20,000.

*Ira Shafer,* for the appellants.

*Wm. C. Traphagen,* for the respondent.

Caldwell *v.* New Jersey Steamboat Company.

*By the Court,* GEO. G. BARNARD, J. In this case two exceptions are mainly relied on by the defendants, which are, 1st. That the justice who tried the cause refused to hold the case open in order to give the defendants time to send to Albany for a witness, to support the testimony of Wright and Canfield, which had been attacked by the testimony of King; and that after the testimony had been closed on both sides, he refused to open the case in order to let them introduce the testimony of the witness from Albany, said to be in court, for the same purpose.

2d. That the justice who tried the cause refused to "say to the jury that the plaintiff was not entitled to recover smart money, exemplary or vindictive damages."

I. The plaintiff, in opening his case to the jury, proved the explosion of the boiler, and the consequent injury to himself, and rested. He was not bound to go further, and anticipate the defense which might be made. The presumption of law is, that the defendants were liable for the explosion of a boiler on a boat under their control; and they were bound to show, if they could, that the accident occurred from causes which human skill and foresight, in the construction and management of the machine, could not avert or foresee. To meet this presumption, they called Wright and Canfield, the second engineers, and others of the boat, to prove that the management of the engine and boiler was prudent and correct, at and before the time of the accident. On cross-examination, each was asked whether he was asleep during the time they were on duty, and both denied that they were. Wright, however, testified "that Canfield sat in a chair in the corner of the engine room, but was not asleep." The plaintiff then called King, who testified that at three different times between half past 5 in the morning and the time of the explosion—about half past 6—he was at the engine room, and saw but one person there, who sat in the corner,

with his head laid back and his eyes shut, and that he maintained that position on each of those occasions referred to. The witness could not identify the man he saw in the corner; but thought it was Canfield. He did not know whether the man in the corner "was asleep or not," but swore that "he was. in a reclining position, apparently asleep." This testimony was strictly' rebutting the testimony of Wright and Canfield, elicited by the questions asked for the purpose of laying the foundation for it, and it was not competent for the defendants to recall Wright and Canfield, as they offered to do, to again affirm what had already been sworn to by them. The testimony of King was not offered for the purpose of proving carelessness, but for the purpose of discrediting the testimony of the witnesses called by the defendants to prove their care and skill. At this stage of the case the defendants asked to have it continued until they could send to Albany for a witness, which the justice declined to do, and thereupon the testimony was closed on both sides, and the court adjourned to the next day, to hear the arguments of counsel.

The next day the defendants asked to open the case again, in order to examine the witness, who was said to be in court, and by whom they proposed "to show that Wright and Canfield were in and about their duties at that time," (meaning the time spoken of by King,) and the court refused to open the case.

If it were competent for the defendants to offer more evidence of the skill and care of their engineer and others, after their credibility had been attacked, it certainly was not their right to have the case kept open until they could send to Albany for witnesses; nor to have it opened after both sides had closed their evidence and were ready to go to the jury. It was a matter of discretion with the justice.

Caldwell *v.* New Jersey Steamboat Company.

II. In charging the jury on the question of damages, the justice who tried the cause instructed them that they could not visit punitory damages upon the defendants, unless they believed that the defendants neglected, " either in the construction or management of the boiler, some act which is generally resorted to, to test its sufficiency or work it safely."

The defendants then asked the justice to instruct the jury, absolutely, that the plaintiff was not entitled to recover exemplary damages, which he declined to do. The principles laid down in the charge were certainly correct, and it was the duty of the jury to apply them to the testimony, and to say whether the defendants had been guilty of such negligence as the court describes. It would have been an invasion of the province of the jury, if the court in this case had undertaken to say that the facts were not such as to entitle them to find exemplary damages. But the verdict does not appear to us to be vindictive. The actual damages sustained by the plaintiff are not overpaid by the amount of the verdict, nor would they be if they were sufficient to support him for life.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, April 4, 1870. *Ingraham, Geo. G. Barnard* and *Brady,* Justices.]