Westbrook, J.
It was~conceded, upon the trial of this action, that William Jones, the husband of the plaintiff, was, on February 7, 1879, a brakeman in the employ of the defendant, “and that,” as the answer expressly admits and avers, “while engaged in the discharge of his duties as such brakeman, the said *201 William Jones fell to the ground under a train of cars which was running from East Albany to West Albany and was killed.”
The cause was tried at the Albany circuit in January, 1881, and resulted in a verdict for the plaintiff of $4,500.
The particulars and the cause of the death, as averred in the complaint, were that while the deceased was so engaged in the discharge of his duties as a brakeman upon a train of freight cars, which the defendant, on the day above mentioned, was moving between the points also above stated, “he took hold of or stepped on one of the iron steps or bars attached to one of said freight cars, for the purpose of being used as a ladder in climbing on and off said car, which said iron step or bar had become and then was defective and unsafe by reason of long use and strains, and was then cracked and partially broken, which said defects were unknown to the said William Jones, and said bar or step, in consequence of such defects, gave way, letting the said Jones fall to the ground under said train of cars, part of which passed over and crushed him, instantly killing the said William Jones.”
The proof given upon the trial was sufficient to justify the jury in finding that the cause of the accident was a defective bar or step, as charged in the complaint. A light snow had fallen before the accident. At a point on the track, where the trampled appearance of the snow indicated that some one had fallen to the ground, was found the iron round of a ladder of a freight car, which was bent, and the appearance of its ends showed an old break almost severing it from its connections with the car, whilst the part newly broken was distinctly visible, and evidently the part of the iron unsevered by the old blow, which had bent the *202 round and broken it almost off at both ends, was not sufficient to withstand the strain of a man’s weight, if thrown upon it. Near the same points also were found the stick and other articles of the deceased, and from it to the spot where the body of the deceased was found were marks upon the snow showing its dragging. The appearances of such dragging began, as just stated, at the place where the snow was trampled and the round found, and ended at the point where the body lay.
The cause was sent to the jury with the following charge:
“To recover in an action of this character, and therefore to entitle the plaintiff to recover in this action, it must be affirmatively shown that the negligence of the defendant caused the accident, and that the deceased was free from contributory negligence. In stating to you this general rule of law, I wish to be understood that you are to find the negligence of the defendant, and the absence of negligence on the part of the deceased, in the proof. You are not to guess it; you are not to surmise it, but you are to find it in the proof. Not that necessarily there must have been a person present who saw the accident, and who can detail all the particulars to you, but in the absence of direct evidence there must be circumstances from which you can legitimately and properly infer the negligence of the defendant, and the absence of contributory negligence on the part of the deceased.”
It will be observed that the charge distinctly recognizes the rule of law, now understood to be well settled, that upon the plaintiff devolves the duty of showing affirmatively that the deceased was free from contributory negligence, and that such fact must have been found by the jury. The application for a new trial is *203 upon the ground that there was no evidence from which the inference of the absence of contributory negligence could be legitimately drawn, because, as was argued for the defendant, conceding the manner of death to be as plaintiff claimed, there was an entire absence of proof to show how or in what manner the deceased was using the ladder when it gave way.
There certainly is great plausibility and force in the point, and I was at one time strongly inclined to hold that there should be a new trial granted. Subsequent examination and reflection, however, satisfy me that a second verdict in favor of the plaintiff should not be disturbed for the following reasons:
First. Hot only is the truth of evidence for a jury,, but the legitimate and proper inferences to be drawn therefrom are also for them.
Of the extent to which this rule has recently been carried in this state, the case of Hart v. Hudson River Bridge Co. (80 N. Y. 622), affords a good illustration. The action was tried before myself, and with the facts I am perfectly familiar. The plaintiff was nonsuited because, as I supposed, there was an entire absence of proof to show how the deceased fell, if she fell at all, through the opened draw of the defendant’s bridge, and consequently the freedom of the deceased from contributory negligence was entirely unproved. The appellate tribunal must therefore have reached the conclusion that the only facts which were shown, to wit: the starting of deceased from East Albany to return to Albany in time to have reached the opened draw, the splashing as of something falling in the river, the wetting of the pier above the surface of the water, and the spot where the body was found, were sufficient to take it to the jury, and if sufficient for that purpose, then of course, they were also ample to sustain a verdict for the plaintiff if one had been so found.
*204 The present case certainly presents more facts for the consideration of a jury than that of Hart did, and as two juries have concurred in finding for the plaintiff on this very question, this, the second verdict, should not be disturbed.
Second. If the case stood upon the proof only, and the Hart case did not control my action, the point made by the defendant would to me be unanswerable. The only inference which can be drawn from the evidence alone, as it seems to me, is that whilst the deceased was using the ladder for some purpose, it gave way, and by means thereof he fell and was killed. Under what circumstances, and for what purpose he used it, were unproved, and hence it would be impossible to say, from the testimony only, whether the use by the deceased of the defective round, which caused it to give way, was proper or improper, and therefore a conclusion as to how the accident occurred, would be a mere guess, and no logical deduction from established facts. What the evidence fails to show, however, the answer admits. That concedes the fall occurred whilst the deceased was in the discharge of his duty as a brakeman, and as the legitimate inference from the proof is, that he fell by reason of the round giving way, the two— the admission and the proof—together, establish that the deceased in the discharge of his duty, and for the purpose of such discharge of duty, took hold of the round which, owing to an old break easily discoverable by the defendant if an inspection had been made, and not seen by the deceased on account of the darkness of night and the necessary haste of its use, gave way, causing him to fall and be crushed by the train. Do not these facts necessarily exclude any theory of carelessness upon the part of the deceased 1 In other words, if a master sends a servant in the night-time up a ladder, which the master by the use of ordinary care *205 would have known was deficient in one of its rounds, and the servant, in obeying the order of the master to ascend, takes hold of the defective round, which gives way and causes him to fall, do not these facts establish both the negligence of the master and the freedom from negligence of the servant %
Precisely the circumstances which the questions involve, the evidence and the answer in this cause establish. The accident occurred in the night-time about eight o’clock, in the month of February- The movements of brakemen on a freight train must be rapid. They continually, in the discharge of their duties, have occasion to go. up and down the ladders placed upon each car for that purpose. The deceased fell, the defendant concedes, whilst in the discharge of duty, and he therefore must, as the proof makes clear, have been using the ladder for the purpose of its discharge. Whether he ought, in the darkness and haste, to have observed that the round was insufficient to sustain him was clearly for the jury. They have found that he was, not negligent in not discovering its condition; and this motion therefore presents the bald case of a defective round of a ladder, of which defect the master should have known and the servant not, giving way whilst the servant is using it in the discharge of duty. This excludes the theory of negligence on the part of the servant, establishes as to him its absence, and throws upon the master the entire responsibility of the accident.
For the reasons stated the motion for a new trial must be denied, with costs.*

Note on Pbesu.mption op Negligence pbom Unexplained Casualty.
Compare Crafts v. Boston, 109 Mass. 519; Hill v. New Haven, 37 Vt. 501; Johnson e. Hudson River R. R. Co., 20 N. Y. 65.
*206 The following recent cases will afford the reader a convenient clue to the cases upon the distinction which that in the text elucidates. They should be read, however, with due allowance for the conflicting rules as to the burden of proof of contributory negligence, prevailing in different jurisdictions, as to which see Abbott's Tr. Ev. 394396.
There is no presumption of law that the owner of the premises upon which a death by accident occurs, is chargeable with fault or negligence in respect to the cause of death, or with liability therefor. To charge him with damages, circumstances under which the injury occurred must be proved, showing some wrongful act or omission on his part. Curran v. Warren Chemical & Mf’g. Co., 36 N. Y. 158; S. C., 3 Abb. Pr. N. S. 240; 34 How. Pr. 250.
In actions for damages for injury alleged to have been occasioned by negligence of defendant, whether an individual or a corporation, to entitle plaintiff to recover, he must show some fault on the part of defendant. And that fault will not be inferred merely from the injury, unless defendant is a common carrier of persons, and plaintiff was a passenger. [Citing many cases.] Terry v. N. Y. Central R. R. Co., 22 Barb. 574.
Defendant, with the consent of a turnpike company, constructed and operated his railroad across this turnpike road; and after several years the bridge rails became decayed, and plaintiff was found about midnight under the bridge, hurt. He said he had fallen from the bridge, but no statement of the manner of his fall was in evidence. Held, in his action to recover for the injuries, that it was defendant’s duty to keep the bridge in repair; and that the burden was not on plaintiff to show that he himself was clear of contributory negligence. Hays v. Gallagher, 72 Penn. St. 136.
In an action for injury to plaintiff, a child of five years, from the inhalation of gas escaping from defendant’s pipes, it appeared that plaintiff and his mother slept in a room adjoining a court in which the pipes, from a crack in which the gas escaped, were laid; that the mother was found dead and plaintiff insensible; that the accident took place in the night; that there were no gas fixtures in the room occupied by plaintiff, and there was no evidence that the mother had notice of the escaping gas or was conscious of its presence in time to take precautions against its deleterious effect; that on the day before the accident there was no smell of gas in the court; that the mother was a sober and prudent woman. Held, that there was evidence sufficient to sustain a verdict in favor of plaintiff for injury by the escaping gas. The burden was upon the plaintiff to show that he and his mother were in the exercise of due *207 care in respect to the occurrence from which the injury arose. But this, as was said in Mayo v. Boston & Maine Railroad, 104 Mass. 140, although in form a proposition to be established affirmatively, need not be proved by affirmative testimony addressed directly to its support. It may be shown by evidence which excludes fault. And in the case at bar, there was nothing which excluded the inference that both mother and child on that night went to bed and to sleep in the usual manner (with nothing to indicate that there was unusual exposure to injury), and that they were suffocated in their sleep by the gas which escaped from the defendant’s pipes. If this were so, they were clearly in the exercise of such care as prudent people ordinarily use under circumstances of similar exposure to injury from hidden and unsuspected causes. [Citing Craig v. New York, &c. Railroad, 118 Mass. 437; Commonwealth v. Boston & Lowell Railroad, 126 Id. 61; Hinckley v. Cape Cod Railroad, 120 Id. 257.] And there was sufficient evidence of defendant’s negligence to make it responsible. Smith 0. Boston Gas Light Co. (Mass. Sept. 1880) 22 Albany L. J. 396, Nov. 13, 1880.
The fact that a locomotive boiler explodes, causing a personal injury, is presumptive evidence of negligence in the construction or management of the engine, on which the company may be held liable for the injury. It is not conclusive; the presumption may be rebutted by affirmative proof of due care. But in the absence of such proof, the law presumes that the casualty was attributable to some cause against which the company should have provided. Illinois Central R. R. Co. v. Phillips, 55 Ill. 194.
Where the evidence adduced to show due care on the part of the company, establishes that the engineer was skillful and prudent, and no omission of duty is proved; that there was a sufficiency of water, and no over-pressure of steam; that the boiler was originally of the best iron, and constructed by competent builders, and had recently, prior to the explosion, been thoroughly repaired, with the best material, and that the usual tests were applied to discover any defects or weakness, the presumption is completely disproved as against one not a passenger. Illinois Central R. R. Co. v. Phillips, 55 Ill. 194.
The doctrine of Illinois Central R. R. Co. v. Phillips, 49 Ill. 235,— that the fact of explosion of a locomotive boiler raises a presumption of negligence in aid of an action by a person injured, for his damages,—applies only in favor of persons unconnected with the management of the engine. It cannot apply where an action is brought for an injury sustained by the engine-driver himself. Toledo, &c. Ry. Co. v. Moore, 77 Ill. 217. Compare Caldwell v. N. Y. Steamboat Co., 56 Barb. 425; affi’d in 47 N. Y. 282.
*208 In an action by a passenger against a railway company, for a personal injury caused by the cars being thrown from the track, proof thereof raises a presumption of negligence on the part of the company. Peoria, &c. R. R. Co. v. Rynolds, 88 Ill. 418.
The plaintiffs horse was found about twenty-five rods from the railroad track, with one leg broken. There were no signs of blood or other indications on the track. No one saw it struck, and the evidence was contradictory as to whether it was possible for the injury to have happened otherwise than by a train. The verdict was for plaintiff. Held, that the verdict would not be set aside as against evidence. Clark v. St. Louis, K. C. & N. R. R. Co. (Iowa, March, 1881), 11 Reporter, 668, May 18, 1881; S. C., 8 Northw. Rep. 36.
In an action for negligence alleged to have caused the death of plaintiff’s intestate, it appeared that he fell into a tank, from a passage-way which he used in the course of his employment; that for years other men had passed over safely, one many times nightly; that intestate had also passed over safely a number of times about the time he fell in; that a fellow-servant crossed immediately before him; that there were lights and no obstructions, and that intestate was warned as to the danger. Held, that there was no evidence of freedom from contributory negligence; and that the possibility that the intestate fell without being negligent is not sufficient to show due care. The exercise of due care by the servant must be established affirmatively, or an action for negligence cannot be maintained. Riceman v. Havemeyer, 84 N. Y. 647; S. C., 11 Reporter, 509.
Mere evidence that a chain used by a ferry-boat to prevent the premature egress of passengers had been removed, but not by the servant in charge,—Held, not to prove negligence on the part of the ferry company. Joy v. Winnissimet Co., 114 Mass. 63.
Where a steamboat is landing at a wharf for the purpose of enabling passengers to go ashore, it is the duty of the proper officers of the boat to provide means for the safe transit of those who wish to leave the boat—and the fact that a stage plank placed for the use of passengers in landing, fell while a passenger, in the exercise of due care, was walking over it, is prima fade evidence of negligence on the part of the officers of the boat in the performance of that duty; and in action by the passenger to recover for an injury caused by the falling of the plank, the burden is upon the defendant to show the falling of the plank was not the result of negligence on the part of the officers of the boat. [Citing Pittsburg, Cin. & St. L. R. Co. v. Thompson, 56 Ill. 138; Railroad Co. v. Pollard, 22 Wall. 342; and Stokes v. Saltonstall, 13 Pet. 181.] Eagle Packet Co. v. Defries (Ill. May, 1880), 33 Albany L. J. 116, Aug. 7, 1880.
*209 In an action for damages caused by a collision on a highway at night, — Held,, that a man may travel in the middle or on either side of the road, when no person is passing, or about to pass, in an opposite direction; and in this case, the accident arising out of the darkness,—no neglect being shown on either side,—the plaintiff could not recover. (Supm. Jud. Ct. of Mc. [1881 ?], Dunham v. Rackliff, 15 Am. L. Rev. 358.
The complaint alleged that it was the duty of the deceased, as an employee of the defendant company, to take care of its cars in a certain yard; and it then alleged in substance, that seeing an unattended car, upon the track in such yard, approaching another carso that it would collide with the latter unless it was arrested, the deceased, iu order to prevent collision, and “ without fault or negligence on his part,” undertook to climb upon the top of the approaching car, by an outside ladder thereon; and that while he was so climbing, the two cars collided, causing the injury. Held, on demurrer, that the court could not, on these averments, determine that the deceased was guilty of negligence. Supm. Ct. of Wisc., 1880, Kelley v. Chicago, M. & St. P. Ry. Co., 7 Northw. Rep. 183.
If a car is overturned and a passenger is consequently killed, a presumption arises that the casualty was the result of negligence. Denver, &c. Ry. Co. v. Woodward, 4 Col. 1.
The rule that where an accident happens to a passenger without default on his part, a presumption of negligence on the part of the common carrier arises, is confined to cases in which the accident results from defective track, cars, machinery or motive power of the carrier ; in other cases the negligence must be proved. Supm. Ct. of Penna., 1881, Federal St. & Pl. Val. Pass. Ry. Co. v. Gibson, 11 Reporter, 443.
In an action brought by a.woman to recover damages for a maiming occasioned by a heavy cask slipping from the hands of wagoners, whom, before attempting to pass, she perceived to be attempting to unload it by skids without any parbuckle,—Held, that the burden of proof was upon her to establish that the injury was in no degree attributable to any want of proper care on her part. 1869, Murphy v. Deane, 101 Mass. 455.
Plaintiff was a passenger in one pf defendants’ stages. As she was getting out, the horses started up, and by reason thereof she was thrown down and injured. In an action to recover damages,—Held, that the facts showed, prima facie, either that the horses were unsuitable for the business or that the driver was incompetent or negligent; and, in the absence of proof that the occurrence of something beyond the control of the driver or the proprietors caused the horses to start, *210 was sufficient to sustain a recovery. Roberts v. Johnson, 58 N. Y. 614
Tt, plaintiff's intestate, leased of defendants the third and fourth floors of a building, the lower portion of which was used and occupied by defendants. In the hall leading from the outer door to the stairs, which gave access to the upper stories, was a hatchway closed by a trap-door, occupying nearly the whole passage-way. This trap-door was used by defendants, and was kept open during the day. It was customary to shut - it for the night at from six to eight o’clock p. m. T. went to the premises between eight and nine o’clock p. m. and the trap-door being open, fell through the hatchway and was killed. In an action to recover damages,—Held, that T. had an easement in the passage-way at all times for ingress and egress, and while defendants could use the trap-door consistently with T.’s rights, it was their duty to exercise proper care; that it was not negligence fer se for T. to enter the hall after the usual hour for closing the hatch, without ascertaining, by procuring a light or otherwise, whether it was open; but that the questions of negligence and contributory negligence were questions of fact for the jury. Totten v. Phipps, 52 N. Y. 354.