## FAIRMOUNT CEMETERY ASSOCIATION, APPELLANT, v. DAVIS, APPELLEE.

1. PRACTICE.

Ordinarily, the question of negligence is one of mingled law and fact.

2. NEGLIGENCE.

No one can be charged with negligence without some proof of knowledge of danger to be apprehended.

3. SAME.

It is not enough for the plaintiff, in an action founded on the defendant's negligence, to prove that he has suffered some loss by an event which happened upon defendant's premises, or even by the act or omission of the defendant. He must also prove that the defendant has done something which, in the exercise of ordinary care and prudence he ought not to have done, or omitted some precaution which a prudent and careful person should have taken.

*Appeal from the District Court of Arapahoe County.*

SUIT was brought by appellee, plaintiff below, against the appellant to recover damages received by the plaintiff, who was a laborer in the employ of the defendant, alleged to have been caused by the negligence of the defendant.

Appellee in the early part of February, 1892, with two others was engaged in putting in and laying a drain pipe in a ditch or trench cut, 300 or 400 feet in length, and had been cut ten days or two weeks before the time of the accident.

The laying of the pipe was commenced the afternoon that the injury was received. . The ditch was from one to eight feet in depth. At a point where the accident occurred it was from four to five feet in depth. A day or two before quite a heavy snow had fallen, and when labor commenced on that day the ditch or trench was filled with snow and the ground covered with snow. The snow was shoveled from the ditch before the laying of the pipe commenced. The weather was quite warm and the snow melted and more or less water drained into the ditch.

While engaged in laying the pipe a strip of the bank or

surface earth on the north side of the ditch, being the side on which the snow shoveled from the ditch had been piled, some fifty feet in length, caved in upon the plaintiff, from which he received severe injuries.

It is alleged that defendant was negligent in not causing the sides of the ditch to be shored up or stayed to prevent the falling or caving of the material.

The defendant answered denying all negligence in the premises; denying that the defendant had any knowledge or notice that the ditch was in an unsafe condition. Denied that the plaintiff was ignorant of the facts and circumstances in connection with the ditch. Alleged that the plaintiff had full and complete means of knowledge of the condition of the ditch at the time of the accident. Denied that the plaintiff was in any way or manner injured by the negligence of the defendant. Further alleged that if the plaintiff was injured, the injuries were received by the want of care and negligence in doing work.

The case was tried to a jury. After the testimony of plaintiff was in, defendant made motion for a nonsuit, which was argued and submitted, after which plaintiff called another witness to testify, to which the defendant objected. The objection was overruled, an exception taken, and the witness testified; after which, the motion for a nonsuit was overruled, an exception taken, and the testimony of the defendant put in. The jury found for the plaintiff in the sum of $2,500. Judgment was entered for that amount.

There are a large number of supposed errors assigned—over thirty. The errors relied upon in argument principally, were the refusal of the court to grant a nonsuit, the admission of the testimony of O'Brian (the witness who testified after the motion was submitted), the instruction given by the court and those asked by the plaintiff and refused by the court.

Messrs. TELLER, ORAHOOD & MORGAN, for appellant.

Messrs. BELFORD & MARSH and Mr. T. J. GALLOWAY, for appellee.

REED, J., delivered the opinion of the court.

It is urged in argument that the court erred in refusing a nonsuit; that there was no evidence establishing negligence of the defendant.

This involves an examination of the evidence introduced. The facts were few and simple, and no serious conflict of testimony.

It is said on excellent authority: " The question whether a party has been negligent in a particular case is one of mingled law and fact. It includes two questions: (1) Whether a particular act has been performed or omitted; (2) Whether the performance or omission of this act was a breach of legal duty. The first of these is a pure question of fact; the second, a pure question of law." Shear. & Red. on Neg. § 11; *Greenland v. Chaplin*, 5 Exch. 243; *McGraw v. Stone*, 53 Pa. St. 436; *Harrison v. Berkley*, 1 Strobh. (S. C.) 525.

When the facts are clearly settled and the course which common prudence dictated can be clearly discovered, the court should decide the case as a matter of law. There must be evidence upon which reasonable men could reasonably and properly find the facts of negligence, or in default of this a nonsuit should be ordered. Shear. & Red. on Neg. § 11; *Mau v. Morse*, 3 Colo. App. 359; *Beiseigal v. Railway Co.*, 40 N. Y. 9; *Stubley v. Railway Co.*, L. R. 1 Exch. 13; *Crafter v. Railway Co.*, L. R. 1 C. P. 300; *Glassey v. Railway Co.*, 57 Pa. St. 172; *Railway Co. v. McClurg*, 56 Pa. St. 294; *Gee v. Railway Co.*, L. R. 8 Q. B. 161.

The evidence shows that where the slide or cave occurred the ditch was only from four to five feet deep, with the sides nearly vertical; that there had been quite a heavy fall of snow which was still lying upon the ground; that the ditch was filled with it in the forenoon when the men went to work, and they shoveled it out, throwing it along the bank on the north side, being the one that fell; the ditch had been dug from ten to fourteen days. The day the accident occurred was quite warm and the snow melting quite rapidly.

Appellee was in charge of the work; was in the ditch laying pipe. White and Hudson were assisting him. A section of earth near the top and nearly fifty feet in length slid in, inflicting the injury.

The only evidence offered to establish negligence in not staying up the earth was that of White, the assistant, who helped to dig the ditch originally, and he says nothing of the dangerous character of the earth through which it was excavated, but that he had been a grave digger in the cemetery where the soil was similar, had dug about two hundred graves from four to six feet deep, and that thirty or forty had caved more or less, that he had received no injury, but found the ground liable to cave when wet. Hudson, the other assistant, called by the plaintiff, said on cross-examination: "The explanation that I have given of the cause of the accident was based upon what I saw after the whole thing was over; there was nothing before the accident to indicate that that would happen; it came all of a sudden. I did not apprehend any danger from anything caving in; there had been no necessity of their employing any means to keep the ditch from caving in, and we did not ask for any; we did not expect it would cave in."

It also appears from his evidence that appellee, besides having assisted in digging the ditch, had been digging graves through the winter, and he testified to the fact himself.

After a motion for a nonsuit had been made and submitted, the court allowed the plaintiff to call Peter O'Brian, a county surveyor, as an expert, to show that the ditch should have been protected. His testimony was quite discursive, inconclusive, and inconsequent. It was to the effect that that kind of soil, if wet enough, would cave; if not wet enough, it would not; and, not knowing how wet it was, he could not tell whether it should have been supported or not, and suggested "The men working in the trench would have very excellent opportunities of seeing these things."

It would appear that the appellee and his assistants, from assisting in the digging in the ditch, and from digging graves,

had full knowledge of the character of the ground and its liability to cave under certain circumstances, and as far as is disclosed by the testimony, had more knowledge and were better prepared to judge of the safety of the ditch than any one else connected with appellant.  Such being the fact, and the plaintiff's witness, Hudson, having testified as above, it is impossible to see in what way appellant had been negligent, or what question there was for the jury to pass upon.  It was purely a legal question, and a nonsuit should have been granted.  Certainly no one should be charged with negligence without some proof of knowledge of danger to be apprehended.  No one can be required to guard against a danger that neither they nor the injured party supposed to exist.

One important factor appears to have been ignored or overlooked: It is not enough for him to prove that he has suffered loss by some event which happened upon the defendant's premises, or even by the act or omission of the defendant.  He must also prove that the defendant, in such act or omission, violated a duty resting upon him.  Shear. & Red. on Neg. § 12; *B. & Colo. R. R. Co. v. Liehe,* 17 Colo. 280; *Welfare v. Brighton Ry. Co.,* L. R. 4 Q. B. 693; *Curran v. Chemical Co.,* 36 N. Y. 153; *Robinson v. Fitchburg R. Co.,* 7 Gray, 92; *McCully v. Clarke,* 40 Pa. St. 399; *Allen v. Willard,* 57 Pa. St. 374; *Terre Haute R. Co. v. Augustus,* 21 Ill. 186; *Baltimore, etc., R. Co. v. Buhrs,* 28 Md. 647.

Not only must it be shown that the employer had knowledge that the occupation was dangerous, " But he must have done something that in the exercise of ordinary care and prudence he ought not to have done, or omitted some precaution which a prudent and careful man should have taken." *Leonard, Admx., v. Collins,* 70 N. Y. 90.

The shallowness and physical characteristics of the ditch were not such as even to suggest danger.  Even the plaintiff fails to testify that he apprehended, or had reason to apprehend, any danger, while Benard Hansen, a witness for the plaintiff, testified: " I saw no indications of the ditch being

liable to cave before the accident;" and Samuel Hudson, "I did not apprehend any danger from anything caving in. There had been no necessity of their employing any means to keep the ditch from caving in, and we did not ask for any. We did not expect it would cave in." In the absence of all knowledge, and without neglecting any duty obligatory upon it, there was no legal liability, and any failure to grant a nonsuit was error.

It appears that all knowledge in regard to the possibility of the caving of the earth was confined to plaintiff and his associates, who appear to have been men of more than ordinary intelligence. In such cases the law is that he must be taken to have assumed the risk, and cannot hold others responsible for the consequences. Such being the law, when danger is known by both parties to exist, how can liability attach when neither party deemed danger possible, and all the knowledge was with the employed? See *Olson v. McMullen*, 34 Minn., 94; *Anderson v. Wiston*, (U. S. C. C.) 31 Fed. Rep. 528; *Simmons v. Chicago & F. Ry. Co.*, 110 Ill. 340; *Sougstad v. Burlington, etc., Ry. Co.*, 41 N. W. Rep. 755; *Taylor v. C. & N. W. Ry.*, 11 N. W. Rep. 24.

Such being the law, and the facts as stated in the evidence, the judgment must be reversed and the cause remanded. The other errors assigned, including those to the instructions, we do not find it necessary to examine.

*Reversed.*