CONTINENTAL INSURANCE COMPANY, Respondent, *v.* THE NEW YORK GAS, ELECTRIC LIGHT, HEAT AND POWER COMPANY et al., Appellants.

NEGLIGENCE — EVIDENCE — BURDEN OF PROOF — ERRONEOUS CHARGE. An instruction that if the jury finds that a fire was caused by the escape of electricity from defendant's wires, " that fact raises a presumption that the defendants were guilty of negligence, and that the jury must find a verdict for plaintiff unless defendants have overcome the presumption raised," changes the burden of proof from the plaintiff to the defendants and constitutes reversible error.

*Continental Ins. Co.* v. *N. Y. Gas, E. L., H. & P. Co.*, 120 App. Div. 880, reversed.

(Argued October 7, 1908; decided October 20, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry J. Hemmens* and *Thomas H. Beardsley* for appellants. The case was submitted to the jury upon a wrong theory and under erroneous instructions from the learned trial justice with regard to the burden of proof. (*Curran* v. *W. C. Mfg. Co.*, 36 N. Y. 153; *Kay* v. *M. S. R. Co.*, 163 N. Y. 447; *Heinmann* v. *Heard*, 62 N. Y. 448; *Freedman* v. *M. S. R. R. Co.*, 89 App. Div. 486; *Goetz* v. *M. S. R. R. Co.*, 54 App. Div. 365; *Stern* v. *W. El. R. R. Co.*, 99 App. Div. 492; *Ludwig* v. *M. S. R. R. Co.*, 174 N. Y. 546; *People* v. *McCann*, 16 N. Y. 58; *Curren* v. *W. C. Mfg. Co.*, 36 N. Y. 153; *People* v. *Downs*, 123 N. Y. 558.) The doctrine of *res ipsa loquitur* is not applicable to the facts in the case at bar. The charge of the learned trial justice was, therefore, erroneous in this respect. (*Duhme* v. *H. A. P. Co.*,

184 N. Y. 404; *Clarke* v. *N. E. R. R. Co.*, 9 App. Div. 51; *Dwyer* v. *B. G. E. Co.*, 20 App. Div. 124; *Flaherty* v. *N. E. Co.*, 34 App. Div. 75; *Griffin* v. *Manice*, 166 N. Y. 188; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 103; *Finch* v. *Slade*, 66 App. Div. 105; *Piehl* v. *A. R. R. Co.*, 30 App. Div. 166; *Braham* v. *N. E. R. R. Co.*, 72 App. Div. 456; *Herzog* v. *M. E. L. Co.*, 98 App. Div. 569.)

*Richard J. Donovan* and *Herbert D. Cohen* for respondent. The doctrine of *res ipsa loquitur* is applicable in the case at bar. (*Clarke* v. *N. E. R. R. Co.*, 9 App. Div. 51; *O'Flaherty* v. *N. E. R. R. Co.*, 34 App. Div. 75; *Braham* v. *N. E. R. R. Co.*, 72 App. Div. 456; *Dwyer* v. *G. E. Co.*, 20 App. Div. 124; *Ennis* v. *Gray*, 87 Hun, 361; *Griffin* v. *Manice*, 166 N. Y. 188; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297; *G. A. Ins. Co.* v. *N. Y. E. Co.*, 103 App. Div. 310.) There was no error committed in the charge. (*Kay* v. *M. S. Ry. Co.*, 163 N. Y. 447; *Ludwig* v. *M. S. R. Co.*, 174 N. Y. 546; *Hickenbottom* v. *D., L. & W. R. R. Co.*, 122 N. Y. 91.)

Haight, J. This action was brought to recover damages which the plaintiff is alleged to have sustained by reason of insurance which it has been compelled to pay to the owners of various tenements in premises Numbers 4774–4784 Third avenue in the borough of the Bronx by reason of a fire which destroyed the building and personal property therein on or about the 25th day of February, 1900. The claim of the plaintiff was that the fire was caused by the electric light wires of the defendant through the negligence of its officers or servants.

In submitting the case to the jury the trial court charged that the burden of proof rested upon the plaintiff to establish the negligence of the defendant. The plaintiff took no exception to this charge, but requested the trial judge to charge the jury that " if the jury find that the fire was caused by the escape of an electric current from the defendants' wires, that

fact raises a presumption that the defendants were negligent and the jury *must* find a verdict for the plaintiff unless the defendants have overcome the presumption raised." The judge so charged and the defendants took an exception. The effect of this charge was to change the burden which rested upon the plaintiff of establishing the fact that the fire resulted from the negligence of the defendants, and raised a presumption of negligence against the defendants which they must overcome in order to avoid a verdict in favor of the plaintiff. This, we think, was an error which calls for a reversal of the judgment. (*Ludwig* v. *Met. St. Ry. Co.*, 71 App. Div. 210; reversed, 174 N. Y. 546, upon the dissenting opinion of Mr. Justice McLAUGHLIN; *Kay* v. *Met. St. Ry. Co.*, 163 N. Y. 447; *Heinemann* v. *Heard*, 62 N. Y. 448, 455; *Curran* v. *Warren Chem. & Mfg. Co.*, 36 N. Y. 153, 156.)

The judgment of the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.