CATHARINE DE FOREST, AS ADMINISTRATRIX, ETC., OF LEVI W. DE FOREST, DECEASED, RESPONDENT, v. HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAILWAY COMPANY, APPELLANT.

*Master and servant — duty of the master, in providing suitable machinery and premises — what risk is assumed by the servant.*

The plaintiff's intestate, an employe of the defendant, was killed while attempting to couple cars. At the place of the accident there was placed under the tracks, for the purpose of draining them, an open ditch about six or eight inches deep and about the same in width, with perpendicular sides, formed by two railroad ties. Plaintiff's intestate while advancing with a moving car, to couple it with a stationary one, caught his foot in the ditch, and being unable to extricate it, was run over and killed. Upon the trial the evidence was conflicting as to whether or not it was practicable or advisable to construct a covered ditch at the point in question. The judge charged that if the jury found that the ditch was more unsafe, or dangerous than a covered ditch would have been, then the defendant was guilty of negligence, even though he had made due inquiry as to the kind of ditch to be employed, and employed an uncovered one because he believed it to be better and safer than a covered ditch.

*Held,* that this was error.

It appeared that the deceased had been employed in the yards for several months, during all of which time the ditch had been there and was plainly visible.

*Held,* that as the defect, if any, was a patent one, he must be regarded as having assumed the risk growing out of its existence, and could not recover for damages occasioned by it.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Erie Circuit.

The action was brought to recover damages sustained by the death of plaintiff's intestate, Levi W. De Forest, whose death was alleged to have been caused by the defendant's negligence.

*E. C. Sprague,* for the appellant. The selection of the facilities or appliances in the business of the employer requires the exercise of ordinary care and prudence, and whether or not this care and prudence have been exercised is the test of the master's liability in this particular. He does not guaranty the safety of his employes. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y., 562, 565,

566; *Laning* v. *N. Y. C. R. R. Co.*, 59 id., 521, 528; *Flike* v. *Boston and Albany R. R.*, 53 id., 549; *Leonard* v. *Collins*, 70 id., 90; *De Graff* v. *N. Y. C. and H. R. R. R. Co.*, 3 N. Y. S. C. [T. & C.], 255; *Warner* v. *Erie Railway Co.*, 39 N. Y., 468; Wharton on Negligence, § 213; *Kelly* v. *Silver Spring Co.*, The Reporter, vol. VII, 60; *De Graff* v. *N. Y. C. and H. R. R. R. Co.*, Court of Appeals, 19 Alb. Law Jour., 134; *Farwell* v. *Boston and Worcester R. R. Co.*, 4 Metc., 49.) The deceased by accepting his employment assumed the usual risks and perils of the service, and also the risks and perils incident to the use of the machinery and property of the defendant as it then was, so far as such risks were apparent. (Wharton on Negligence, §§ 206, 214; *Gibson* v. *Erie R. R. Co.*, 63 N. Y., 449; *Mehan* v. *Syracuse R. Co.*, 73 id., 585; *De Graff* v. *N. Y. C. amd H. R. R. R. Co.*, 3 N. Y. S. C. [T. & C.], 255; *Laning* v. *N. Y. C. and H. R. R. R.*, 49 N. Y., 521, 534, 535; *Wright* v. *N. Y. C. R. R. Co.*, 25 id., 562, 566, 569, 570; *Owen* v. *N. Y. C. R. R. Co.*, 1 Lans., 108; *Jones* v. *Roach*, 4 N. Y. Super. Ct., 248; *Evans* v. *L. S. and M. S. R. Co.*, 12 Hun, 289; *Loonam* v. *Brockway*, 3 Robertson, 74; *L. S. and M. S. R'y Co.* v. *Knittal*, Ohio Supreme Court, 19 Alb. Law Jour. 37.)

*A. G. Rice*, for the respondent. It was the duty of the defendant to furnish a safe, secure and proper yard for its employes to work upon, so far as human sagacity, care and skill, would enable him to do it, and the neglect to use that sagacity, care or skill is negligence which renders the defendant liable. *Plank* v. *N. Y. C. and H. R. R. R. Co.*, 60 N. Y., 607; *S. C.*, 1 N. Y. S. C., 319; *O'Donnell* v. *Allegany R. R. Co.*, 59 Pa., 239.) The faulty construction or maintenance of a switch yard is not one of the risks taken by an employe. (*Plank* v. *N. Y. C. and H. R. R. R. Co.*, 60 N. Y. 607; 1 N. Y. S. C. [T. & C.], 319; 59 Pa., 239.)

SMITH, J. :

The injury of which the plaintiff complains occurred at the yard of the Erie Railway Company, on Louisiana street, in the city of Buffalo. The deceased was in the employment of the defendant, and was engaged in coupling cars. One car had been

run off upon a track and left standing. When the next car was "kicked" off, it approached the standing car at the rate of from three to four miles an hour. In order to couple the two cars, it was necessary that the coupler should step in between them while the moving car was advancing, and couple the two at the instant of contact. This the deceased attempted to do. There was an open ditch under the track, six or eight inches deep and about the same in width, the sides of which were perpendicular, and made by two ties laid six or eight inches apart. It happened that the point at which the two cars came in contact was directly over the ditch, and as the intestate advanced with the moving car and stepped in between the two to put in the coupling pin, his foot was caught in the ditch so that he could not extricate himself and he was run over and killed. The ditch was constructed some years before the injury, for the purpose of draining the track. It was uncovered and plainly visible. There was a conflict of evidence as to whether it was practicable to construct a covered ditch at that point, owing to the lowness of the surface of the ground; whether a covered ditch would have answered as well as an open one for the purpose of drainage; and whether, if covered with wood, it would not have been more unsafe than an open drain, by reason of the liability of its covering to give way from decay or other causes and be broken in.

Of the exceptions argued by counsel, it will be necessary to notice only some of those which relate to the charge.

The judge charged the jury that if they should find that the ditch was unsafe or dangerous, the negligence of the defendant was established. We think the exception to this was well taken. To establish negligence it was necessary to show that the ditch was an improper or unfit construction, as well as a dangerous one. It was not shown to be dangerous or unsafe except by reason of its being uncovered, and there was a question upon the evidence whether it was not only proper but necessary to keep the ditch open in order to drain the track. The true rule is that the master is liable to his servant for any injury happening to him from the misconduct or personal negligence of the master; and this negligence may consist in the employment of unfit and incompetent servants and agents, or in the furnishing for the work to be done,

or for the use of the servant, machinery or other implements and facilities improper and unsafe for the purposes to which they are to be applied. (*Wright* v. *The New York Central R. R. Co.*, 25 N. Y., 562, per ALLEN, J., p. 565, and cases there cited by him ; *Laning* v. *N. Y. C. and H. R. R. R. Co.*, 49 id., 521, 528.) In these respects, the master is held to the exercise of ordinary care only. (*Leonard* v. *Collins*, 70 N. Y., 90.) Yet the learned judge, adhering to the position taken by him in the portion of his charge already referred to, subsequently declined to charge that the defendant was not guilty of negligence if, as a matter of judgment and with due care, he used an uncovered instead of a covered ditch, upon the theory, honestly entertained, that it was the best. And he further charged as follows : " If the defendant used care in the selection of the kind of ditch employed, and after due inquiry employed an uncovered ditch because, after inquiry, he had satisfied himself that it was safer and better than a covered ditch, yet if the jury should find that he was mistaken in this respect, and that, in fact, a covered ditch was safer than an uncovered one, the use of the uncovered ditch would be an act of negligence for which the defendant would be responsible." Thus, the defendant was held liable for an error of judgment, although he exercised due care in determining the mode of constructing the ditch. The charge was a departure from the true rule.

But if the drain was so defective as to constitute negligence on the part of the defendant, the evidence is that the defect was patent and that it was known by the deceased, or he had ample opportunity to know it, he having been employed in the yard several months, and the open ditch having been there during the entire period of his employment. He is, therefore, to be regarded as having assumed the risks incident to his employment growing out of the existence of the ditch and the mode of its construction, so far as they were apparent. (*Gibson* v. *Erie R. W. Co.*, 63 N. Y., 449; *Mehan* v. *Syracuse R. R. Co.*, 73 id., 585; *De Graff* v. *N. Y. C. and H. R. R. R. Co.*, 3 N. Y. S. C. R., 255.) The judge declined to charge that upon the evidence it is to be presumed that the deceased knew of the existence of the ditch, but he left it as a question of fact to the jury. In these respects we think he erred. The plaintiff should have been nonsuited on this ground.

The judgment should be reversed and new trial ordered, costs to abide event.

TALCOTT, P. J. and HARDIN, J. concurred.

Judgment reversed and a new trial ordered. costs to abide event.