## ISABELLA CUMMING, RESPONDENT, v. THE BROOKLYN CITY RAILROAD COMPANY, APPELLANT.

*Negligence — when a failure to comply with a city ordinance is evidence thereof — when the word "car" in a city ordinance includes steam cars — evidence of a surgeon as to the necessity of future operations — when admissible to enhance the damages — evidence as to the circumstances of the plaintiff's family.*

A train of the defendant, consisting of a motor and two cars, while running from Fort Hamilton to Brooklyn, stopped at Twenty-ninth street in that city, so that the rear car overlapped the cross-walk nearest to Fort Hamilton, while it should have stopped at the cross-walk furthest therefrom. The plaintiff's child, a girl just over five years of age, in attempting to cross the street, reached and passed around the rear end of the car, when she was struck by a train going towards Fort Hamilton and sustained injuries, to recover damages for which this action was brought. An ordinance of the city of Brooklyn provides that "cars stopping at a street intersection, shall stop at the further walk thereof, so that the cars shall not, when stopped, interfere with travel on the cross streets."

*Held,* that the ordinance was applicable to steam as well as horse cars, and that it was properly received in evidence as tending to establish negligence on the part of the defendant.

That, although the provisions of the general railroad act requiring the ringing of bells at crossings do not apply to cities, yet the fact that no bell was rung in this case and that the approach of the train was noiseless, was properly received in evidence as showing a failure on the part of the defendant to use due care and diligence in managing the train.

The child's leg was amputated. Upon the trial a surgeon testified that while the bone would subsequently grow, the flesh, which in the amputation was placed over it would not, and that a subsequent operation would be necessary by which the end of the bone would be again cut off. Signs of the necessity of a second operation were apparent at the time of the trial.

*Held,* that the evidence was properly admitted; that it was not objectionable as tending to establish a speculative and visionary injury.

That evidence as to the condition and circumstances of the family of the plaintiff

was admissible as bearing upon the question of the negligence of the plaintiff's mother, if negligence was to be imputed to her, for permitting so young a child to go into the streets.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury for $5,500, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries sustained by the plaintiff by reason of her child being injured by one of the defendant's trains. One of the ordinances of the city of Brooklyn, relative to the running of cars in the city, read as follows : " Cars stopping at a street intersection shall stop at the further walk thereof, so that the cars shall not, when stopped, interfere with travel on the cross streets."

The plaintiff gave evidence, against the defendant's objection and exception, showing that plaintiff's mother was in the house on the afternoon of the accident with four children and a sister who was blind and could not look after the children ; that the mother was too poor to employ a nurse ; that she was engaged in washing clothes and hanging them out to dry, and that the plaintiff was playing in and out of the kitchen the last the mother saw of her.

*Morris & Pearsall*, for the appellant.

*Carpenter & Roderick*, for the respondent.

BARNARD, P. J.:

If this case was tried without the admission of improper evidence there is no doubt but that the cause of action was fully made out. The defendant on the day in question was running a train of cars made up of a motor and two cars from Fort Hamilton to Brooklyn. At the intersection of Twenty-ninth street the train stopped so that the rear car overlapped the cross-walk nearest Fort Hamilton. It should have stopped at the furthest cross-walk.

The plaintiff's child, a girl just over five years of age, attempted to cross the street, reached the car and passed around the rear end of it and at the instant of passing the track, going towards Fort Hamilton, was run down by another similar train of the defendant. This train gave no notice of its approach. If it had a bell it was an automatic bell, which was proven to be without value when the

train was going slow which was the case with this train. It was moreover proven to be without value by the fact that it failed to notify grown persons who were there, of the approach of the train.

The street was largely used by those who passed and repassed. The street was closed to the view of those who stood in the position of the girl by the standing train, so that she could not see the approaching train nor be seen by those who were on it and managing it. The jury could not well find this management of its trains was either prudent or safe, nor is the finding that the girl was without fault, to be reversed on appeal. The only question of evidence raised upon the negligence of the plaintiff consists in the admission of the city ordinance designating the crossing at which the cars shall stop. There are other sections of the act which speak of conductors and drivers, and the argument is made that the ordinance referred only to horse cars. The ordinance designating the crossing for cars should not have the restricted meaning claimed for it. It was passed for the convenience and safety of the citizens who use the streets and should be construed to include all cars whatever the motive power may be. The condition of the plaintiff's family on the day in question was properly admitted. It bore upon the question of the negligence of the mother, if negligence was to be imputed to her, for permitting so young a child to go into the streets. The noiseless approach of the train was properly proven. The general railroad law makes the failure to ring the bell negligence in law if the omission cause an accident. It does not apply to cities; but the fact may be proven that the failure to ring a bell caused the injury. It tended to prove a failure to use proper care and diligence in managing the train and this, if found by the jury, is with other necessary facts actionable at common law. The charge excepted to does not fall within the principle established in *Leonard* v. *Collins* (70 N. Y., 94). In that case the charge was to the effect that the defendant was liable if he omitted to do "anything that could have prevented the accident."

In *Dyer* v. *Erie Railway Co.* (71 N. Y., 228), the charge was to the effect that the railroad company was bound to give other signals than the statute signals at street crossings. The Court of Appeals while admitting that there might be cases when such a duty would rest upon a railroad; held, that the charge in the case was too broad

Another exception is presented to the admission of evidence upon the question of damages. A surgeon testified to the injury. The child's leg was amputated. The witness testified that the bone would subsequently grow while the flesh which in the amputation was placed over it would not, and that a subsequent operation would be necessary by which the end of the bone would be again cut off. That signs of this necessity were apparent at the time of the trial. The Court of Appeals condemned proof of an injury likely to happen, as speculative and visionary. (*Strohm* v. *N. Y. and Erie R. R. Co.*, 96 N. Y., 305.) In this case the facts are given and the result premised from the facts with the reasonable certainty that the result would follow from the injury. In the case of *Curtis* v. *Rochester, etc. Railrod Co.* (18 N. Y., 534), cited with approval by the Court of Appeals, the charge of the court was sustained, which permitted future damages rendered reasonably certain, from the evidence to inevitably and necessarily follow from the injury. There is enough proven in this case if credited by the jury to authorize a finding that a second amputation will be necessary. The judgment should, therefore, be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.