of trial was served until October, 1903, and until after the motion to dismiss was made.   The note of issue filed was ineffectual because the action had not then been noticed for trial.   Section 977, Code Civ. Proc. No excuse was given for the delay, except the bare statement that through "inadvertence" the notice of trial was not sooner served.   If the mere statement of "inadvertence" is to be treated as furnishing an adequate excuse for a delay of over three years, then section 822 of the Code of Civil Procedure and rule 36 of the general rules of practice serve little purpose.   Such a statement alone furnishes no basis whatever for the exercise of judicial discretion.   No excuse for the neglect to prosecute the action was given by plaintiff, and for the reasons stated in the opinion delivered in Fisher Malting Co. v. Brown, above cited, the motion to dismiss the complaint should have been granted.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with costs of the action and $10 costs of the motion.   All concur.

---

(92 App. Div. 291.)

### KLIMPL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  March 11, 1904.)

1. STREET RAILWAYS—PERSONS DRIVING TEAMS—INJURIES—QUESTIONS FOR JURY.

In an action against a street railway company for injuries to one driving a team, where the evidence of plaintiff's witnesses was that, before driving across the track at a street corner, he looked, and saw defendant's car in the middle of the block, and, thinking that there was plenty of time to cross, made the attempt, but the car struck the wagon just back of the front wheel, and defendant's evidence was that, as the car was approaching plaintiff, he, without any notice of his intention so to do, turned upon the track immediately in front of the car, and in such close proximity to it that it was impossible to avert a collision, the questions involved were properly submitted to the jury.

2. SAME—DEGREE OF CARE—INSTRUCTIONS.

The obligation resting on a street railway company to prevent injuries to persons using the street is to exercise that degree of care which persons of ordinary prudence, exercising reasonable care, would use under similar circumstances, and a charge imposing on a street railway the duty of using all the care that the motorman could use at the time imposed on it too great a responsibility.

3. SAME—CURE OF ERRORS.

In an action against a street railway company for injuries to one driving a team, a charge imposing on defendant the duty of using all the care that the motorman could exercise at the particular time, was not cured by a subsequent charge exonerating defendant if the motorman, "while operating his car with ordinary care," stopped it as soon as he discovered plaintiff, where the court qualified the subsequent charge by giving it "in connection with the charge already made."

Appeal from Trial Term, New York County.

Action by Jacob Klimpl against the Metropolitan Street Railway Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.
J. M. Birnbaum, for respondent.

HATCH, J.   The plaintiff by this action seeks to recover damages claimed to have been sustained by him on account of injuries received through the negligence of the defendant.   It appeared from the testimony that the plaintiff was driving a beer wagon northward along the east side of Third avenue; that as he approached 100th street, he saw a car coming southward about 101st street; that he had occasion then to drive across the track to the west side of the street; that he looked again as he started to cross, and saw that the approaching car was about in the middle of the block.   Plaintiff thought that he had plenty of time to cross, made the attempt, but the car struck the wagon just back of the front wheel.   He was thrown to the pavement, and sustained quite severe injuries.   The defendant, on the other hand, claimed, and gave evidence tending to support the claim, that as the car was approaching the plaintiff, he, without any notice of intention so to do, turned and drove onto the track immediately in front of the south-bound car, and when the car was in such close proximity to him that it was impossible to avert the collision.   These several claims were supported by witnesses upon either side, and we have little hesitancy in reaching the conclusion that the evidence was of such a character as justified the submission of the questions involved to the jury.

We are, however, required to reverse the judgment for a fatal error committed in the charge.   Upon the subject of care to be exercised by the motorman in the management and operation of the car the court charged:

"It was the duty of the defendant's agents or servants in charge of this car to use reasonable care in going along the street, and it was the duty of the motorman to stop the car, and avoid this collision, provided he had time and opportunity so to do.   It was his duty to use care at all times in passing along this street, and if you find that he did use all the care that was required of him, and all the care that he could use at the time, then your verdict will be for the defendant."

The defendant excepted to the charge that it was the duty of the motorman to use all the care that he could use.   In ruling upon the exception, the court stated, "That does not state the language that I used, but it calls my attention to what you mean."   It is evident, therefore, that the court fully understood the particular point to which the defendant directed its attention.   The obligation resting upon the defendant was to exercise that degree of care which a person of ordinary prudence exercising reasonable care would use under similar circumstances. The defendant was not called upon to exercise all the care that he could exercise at the particular time.   Such rule would impose the duty of extraordinary precaution, and substitute a more rigid rule of responsibility than the law requires of the defendant in the operation of its cars. In Lewis v. L. I. R. Co., 162 N. Y. 52, 56 N. E. 548, the charge was that, if the engineer of the train, which came in contact with a vehicle at a road crossing, "omitted to do any act which might have prevented the collision," the defendant was guilty of negligence.   This was held error, for the reason that it imposed a more enlarged obligation upon

the defendant than the law required.   In Leonard v. Collins, 70 N. Y. 90, the charge was that, if the defendant could do "anything that could have prevented the accident," he was guilty of negligence, and such charge was held to be error.   In Reardon v. Third Ave. R. Co., 24 App. Div. 163, 48 N. Y. Supp. 1005, in charging upon the subject of the care required in the management of vehicles by each party, the court said:   "They were bound to use the same degree of care, the same degree of prudence.   Each was bound to look out for, and, if possible, prevent, any accident."   This charge was held to be error calling for the reversal of the judgment which had been obtained in plaintiff's favor, although the charge as made bore as heavily upon the plaintiff as upon the defendant.   Such consideration, however, did not mitigate the wrong which had been done to the defendant, as it enlarged his responsibility for his acts beyond what the law required.   These authorities are directly in point upon the question involved, and are decisive in showing that error was committed in the charge.   This error was not cured by the subsequent charge of the court that, "if the motorman of the defendant's car, while operating his car with ordinary care, stopped his car as soon as he discovered that the plaintiff was about to drive in front of his car, defendant is entitled to a verdict." Such charge would have cured the previous error if it had been made without qualification.   The court, however, said in answer to this request, "I charge that in connection with the charge already made." The effect of this was to leave the charge as originally made to stand, and subjected the defendant to the ruling that it was required to exercise all the care that could be used at the time.   Such was the rule of liability upon which the case went to the jury, and, as it imposed a higher degree of care upon the defendant than the law imposed, it was erroneous.

For this reason the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.