839, 55 Hun, 606, relied upon by the appellant, it is clear that, if any crime was committed, it was committed by the three persons acting together, and it was held that an acquittal of the two was inconsistent with the conviction of the third, and the conviction was therefore set aside. But under the circumstances of this case the acquittal of Barry is not inconsistent with the defendant's guilt.

The conviction and judgment should therefore be affirmed.

---

### HECKMULLER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 29, 1907.)

1. TRIAL—TAKING CASE FROM JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting on the material issues of fact, the case is for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 342–343.]

2. STREET RAILROADS—OPERATION—COLLISION WITH VEHICLES—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an action for injuries to the driver of a truck, caused by his truck being struck by defendant's street car, a charge that defendant company was required to do everything and anything to stop and avoid hurting anybody was erroneous, since it placed upon the defendant the duty to exercise extraordinary precaution.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Adam Heckmuller against the New York City Railway Company. From an order setting aside a verdict for plaintiff, he appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Herman Gottlieb, for appellant.
William E. Weaver, for respondent.

BRADY, J. This is an action for damages for personal injuries sustained by reason of the alleged negligence of the motorman of one of the defendant's street cars. This cause was first tried in the Eighth District Court on October 13, 1904, before the court and a jury, and a verdict rendered in plaintiff's favor for the sum of $250, which the trial justice set aside as against the weight of evidence. The plaintiff appealed from that order, and the Appellate Term affirmed the order without opinion. On September 13, 1905, the cause was retried before the court and a jury, and the jury rendered a verdict for plaintiff for the sum of $375. Upon motion by defendant's attorney to set aside the verdict on the ground that same is contrary to law, contrary to evidence, against the weight of evidence, and all the grounds mentioned in section 999 of the Code of Civil Procedure, except the ground of insufficiency, the trial justice reserved his decision; and subsequently, on September 21, 1905, entered an order setting aside the verdict and granting a new trial. From this order the plaintiff took the appeal now at bar.

The testimony of the plaintiff shows that on July 26, 1904, plaintiff was driving a truck east along the car track running through Twenty-·Eighth street. He was towing a fellow driver by means of a rope, which was hitched at one end to the rear axle of his own truck, and the other end fastened to the pole of the other truck. As he reached the corner of Twenty-Eighth street and Seventh avenue, he looked down Seventh avenue and saw a car at Twenty-Seventh street; that is, about a block away. He then proceeded to cross Seventh avenue. His horses and wagon then crossed the south-bound track, and he swung the horses off the Twenty-Eighth street track in order to let the truck he was towing pass his truck. The car was still about half a block away, and the plaintiff's horses were on the north-bound track. He saw the car approaching at a rapid speed, and in order to avoid a collision he swung the horses to the left; but the car came on at a rapid speed, though the motorman endeavored to stop the car. It struck the plaintiff's truck between the front and rear wheels on the right side near the center, and threw the plaintiff from the wagon between the horses, knocked the horses down, and broke the pole of the wagon he was towing. Assuming this testimony to be true, the plaintiff made out a case. His testimony was corroborated by the man who was driving the other truck and two disinterested witnesses. The plaintiff's testimony is contradicted by the defendant's witnesses, who testified that as the plaintiff reached the corner of Seventh avenue he swung off the Twenty-Eighth .street track and drove in a southerly direction, driving on the south-bound track on Seventh avenue, and suddenly the plaintiff turned from the south-bound track and attempted to cross the north-bound track in·front of the car, when the car was about five or six feet distant from the plaintiff's horses, and that, while the plaintiff's horses were crossing the north-bound track that short distance away from the car, the collision occurred. There was a conflict of evidence in the case, and the court was justified in submitting the question involved to the jury.·

The order, however, should be affirmed for a fatal error committed in the charge. Upon the subject of care to be exercised by the motorman in the management and operation of the car, the court charged:

"I should so charge them—that they [the defendant company] were required to. do everything and anything to stop and avoid hurting anybody."

The defendant excepted to the charge. The obligation resting upon the defendant was to exercise that degree of care which a person of ordinary prudence, exercising reasonable care, would use under similar circumstances. The defendant was not called upon to exercise all the care that he could exercise at the particular time. Such rule would impose the duty of extraordinary precaution, and substitute a more rigid rule of responsibility than the law requires of the defendant in the operation of its cars. In Lewis v. L. I. R. R. Co., 162 N. Y. 52, 56 N. E. 548, the charge was that if the engineer of the train, which came in contact with a vehicle at a road crossing, "omitted to do any act which might have prevented the collision," the defendant was guilty of negligence. This was held error, for the reason that it imposed a more enlarged obligation upon the defendant than the law

required. In Leonard v. Collins, 70 N. Y. 90, the charge was that, if the defendant could do "anything that could have prevented the accident," he was guilty of negligence, and such charge was held to be error.

In Reardon v. Third Ave. R. R. Co., 24 App. Div. 163, 48 N. Y. Supp. 1005, in charging upon the subject of the care required in the management of vehicles by each party, the court said:

"They were bound to use the same degree of care, the same degree of prudence. Each was bound to look out for, and if possible prevent, any accident."

This charge was held to be error calling for the reversal of the judgment, which had been obtained in plaintiff's favor, although the charge as made bore as heavily upon the plaintiff as upon the defendant. Such consideration, however, did not mitigate the wrong which had been done to the defendant, as it enlarged his responsibility for his acts beyond what the law required. These authorities are directly in point upon the question involved, and are decisive in showing that error was committed in the charge. The effect of this was to lead the jury to believe that it was required of the defendant to exercise all the care that could be used at the time. Such was the rule of liability upon which the case went to the jury, and, as it imposed a higher degree of care upon the defendant than the law, it was erroneous. For this reason the order should be affirmed.

Order affirmed, with costs. All concur.

